**158**

UNITED STATES of America,
Plaintiff,

v.

J. Maurice GALTROF, a/k/a Maurice
Galtrof, Defendant.

United States District Court
S. D. New York.

May 18, 1965.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for plaintiff; Alan G. Blumberg, Asst. U. S. Atty., New York City, of counsel.

Markewich, Rosenhaus, Beck & Garfinkel, New York City, for defendant; Theodore Perlman, New York City, of counsel.

MacMAHON, District Judge.

This action was brought by the United States to reduce to judgment tax assessments made against the defendant, J. Maurice Galtrof. Jurisdiction is based upon the Internal Revenue Code of 1954 §§ 7401, 7402(a) and 7403(a), and upon 28 U.S.C. §§ 1340 and 1345 (1958).

The parties stipulated most of the facts at a pre-trial conference held March 4, 1964. Defendant Galtrof was secretary of Chatham Pants Corporation during the first three quarters of 1955. During that period, Chatham Pants Corporation withheld federal taxes from its employees' salaries but did not pay them over to the United States. The amount withheld and the present unpaid balance for each quarter is:

| Period Covered | Amount | Present Unpaid Balance |
|---|---|---|
| 1st Qtr. 1955 | $3,437.89 | $2,252.01 |
| 2nd Qtr 1955 | 6,828.57 | 6,828.57 |
| 3rd Qtr 1955 | 371.05 | 371.05 |
| | | $9,451.63 plus interest |

On November 23, 1956, the District Director of Internal Revenue, Brooklyn, New York, made personal assessments for the amounts withheld against "Milton Rabinowitz [not a party here] and/or J. Maurice Galtrof" under § 6672 of the Internal Revenue Code of 1954 which provides:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who wilfully fails to collect such tax, or truthfully account for and pay over such tax * * * shall, in addition to other penalties provided by law, be liable to a penalty equal to

the total amount of the tax evaded, or not collected, or not accounted for and paid over."

Also relevant here is § 6671(b) of the Internal Revenue Code of 1954 which provides:

"The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

Notice of these assessments and demand for payment were made upon Galtrof on November 30, 1956.

Trial was held without a jury on May 4, 1965, and the parties stipulated in open court that there were only two triable issues of fact: (1) Was Galtrof a person responsible for performing the duties set forth in § 6672 of the Internal Revenue Code of 1954, i. e., "[to] truthfully account for, and pay over" the taxes withheld by Chatham Pants Corporation? and (2) Did Galtrof "wilfully" fail to perform such statutory duties?

Upon the trial, the government introduced a certified transcript of three "Certificate[s] of Assessments and Payments, Form 899," with respect to the accounts of "Milton Rabinowitz and/or J. Maurice Galtrof." The government then rested, defendant moved for dismissal on the ground that the government had failed to prove a prima facie case, and the court reserved decision on the motion. Defendant then rested his case without introducing any evidence whatever, and both parties moved for judgment.

Defendant Galtrof contends that he is entitled to a judgment of dismissal because the government failed to establish that he was a person under a duty "to truthfully account for and pay over" the taxes withheld by Chatham Pants Corporation, or that, if he were such person, he wilfully failed to perform the duty. The government contends that the Certificate of Assessments against Galtrof is prima facie proof of both elements.

We hold that the government established a prima facie case. United States v. Molitor, 337 F.2d 917, 922 (9th Cir. 1964); United States v. Strebler, 313 F.2d 402, 403–404 (8th Cir. 1963). Accordingly, defendant Galtrof's motion for judgment of dismissal is denied, and the government's motion for judgment against the defendant is granted.

This memorandum constitutes the court's findings of fact and conclusions of law as required by Rule 52(a) of the Federal Rules of Civil Procedure, 28 U. S.C.

The Clerk is directed to enter judgment in favor of the United States for the sum of $9,451.63, plus interest at the rate of 6% per annum from November 30, 1956.