**Ronald E. JACKMAN**

v.

**Bruce R. D'AGOSTINO.**

**No. Civ. H–86–1092(MJB).**

United States District Court, D. Connecticut.

March 3, 1987.

Peter R. Bahn, Farmington, Conn., for plaintiff.

Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn., Deborah S. Meland, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## RULING ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

Bruce R. D'Agostino, the named defendant in this action, has moved this court for

an order dismissing this action or in the alternative granting summary judgment in his favor. The grounds for this motion are that the court lacks jurisdiction over the defendant, the defendant has not been served with process, and the complaint fails to state a claim for which relief can be granted. In addition, the defendant claims that he is entitled to complete immunity from this suit.[1] The facts in support of these contentions are not in dispute.

### Questions Presented

1. Whether this suit is actually a suit against the United States.

2. Whether the complaint must be dismissed because of the plaintiff's failure to properly serve the named defendant or the United States.

3. Whether the Revenue Officer D'Agostino is immune from this suit.

4. Whether the United States is immune from this suit.

### Statement of Facts

The plaintiff, Ronald E. Jackman, through his attorney Peter R. Bahn, has commenced this action seeking $10,000,000 from the named defendant, Bruce R. D'Agostino. Although not a model of clarity, the essence of the plaintiff's complaint appears to be that a levy was issued and served upon his employer, attaching his wages, at a time when he had satisfied his outstanding tax liabilities. Complaint ¶ ¶ 2 and 3. For the purposes of this motion, neither Revenue Officer D'Agostino nor the United States disputes these "facts."

It appears that the plaintiff's sole reason for naming Revenue Officer D'Agostino as the defendant in this action was that Revenue Officer D'Agostino's signature was on the levy as the issuing officer. Revenue Officer D'Agostino had no personal involvement with the issuance or service of the levy complained of by the plaintiff. A machine-stamped replica of Revenue Officer D'Agostino's signature is placed on all levies generated by the Automated Collection System at the Internal Revenue Service Center in Andover, Massachusetts. It can be inferred that a replica of Revenue Officer D'Agostino's signature appeared on the levy complained of by the plaintiff.

Neither Revenue Officer D'Agostino nor the United States has been properly served with process in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure.

### Arguments

#### I. This Suit is Really a Suit Against the United States

■ The plaintiff has named Revenue Officer D'Agostino as the defendant in this action apparently because Revenue Officer D'Agostino's signature appears as the issuing officer on the levy for payment of income taxes duly assessed against the plaintiff which was served upon the plaintiff's employer. When the complaint is read in light of Revenue Officer D'Agostino's Declaration, it becomes clear that this is in actuality a suit against the United States. The complaint states that, "No money was owed by the plaintiff to the defendant on the above said date." Complaint ¶ 3. Obviously, the plaintiff means that on the date the levy was served upon his employer, on or about August 21, 1986, he did not have an outstanding tax liability and thus owed no money to the United States.

The plaintiff has captioned his action as against "Bruce R. D'Agostino, Chief, Collection Branch, Internal Revenue Service." Although Bruce D'Agostino is merely a Revenue Officer in the Compliance Division of the Collection Branch of the Internal Revenue Service, and not the Chief of the Collection Branch, the manner in which the plaintiff has captioned his action leads to the conclusion that the plaintiff has been sued in his capacity as an employee of the Internal Revenue Service. Moreover, the

---

1. D'Agostino contends also that to the extent that the court finds that this action is in reality a suit against the United States, this action must likewise be dismissed because the United States has not waived its sovereign immunity to be sued in this action, nor has the United States been served with process.

act complained of, issuance and service of a levy, even if performed by the plaintiff, is an act which is performed in a revenue officer's official capacity as an Internal Revenue Service employee.

Revenue Officer D'Agostino's Declaration establishes that he did not personally perform any acts with respect to the plaintiff's account with the Internal Revenue Service.

This court, in *Melechinsky v. Secretary of the Air Force*, 83–1 Stand.Fed.Tax Rep. (CCH) ¶ 9373 (D.Conn.1983), stated:

> An action seeking relief against a defendant personally shall be construed as an action against the United States, if the relief sought affects the actions of the defendant in his capacity as a federal employee. *See Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1962). Plaintiff seeks relief from the actions of the defendants in their capacity as federal employees and, therefore, the suit must be construed as a suit against the United States.

This suit is therefore one against the United States. The United States is the proper defendant in this proceeding and the complaint against Revenue Officer D'Agostino should be dismissed.

■ The plaintiff's proper and exclusive remedy is to file a claim with the Internal Revenue Service seeking a refund of any overpayment of tax to which he is legally entitled. If his claim is denied, or more than six months elapse and no action is taken on his claim, he may commence an action in the district court against the United States for a refund of any overpayment to which he is legally entitled. *See* 26 U.S.C. §§ 6402, 6532(a) and 7422(a). The statutory mechanism for obtaining a refund of overpaid taxes provides all the due process which the Constitution requires. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Baddour, Inc. v. United States*, 802 F.2d 801 (5th Cir.1986).

Recently, the Courts of Appeal for the Fifth and Seventh Circuits declined to create a damage remedy in similar situations, precisely because the Internal Revenue Code provides a comprehensive mechanism for obtaining a refund of overpaid taxes. *See Baddour, Inc. v. United States*, 802 F.2d 801, 805–06 (5th Cir.1986); *Cameron v. Internal Revenue Service*, 773 F.2d 126, 129 (7th Cir.1985). If the plaintiff has in fact overpaid his taxes, the Internal Revenue Code provides a constitutionally adequate remedy. This court similarly declines to fashion a damages remedy on these facts, and does, therefore, dismiss the plaintiff's complaint.

## II.  *Lack of Service*

■ Even if the court found that the plaintiff has sued Revenue Officer D'Agostino in his individual capacity, and not in his official capacity as a revenue officer, this action would still have to be dismissed because Revenue Officer D'Agostino has not been served pursuant to Rule 4(c)(2)(C) or Rule 4(d)(1) of the Federal Rules of Civil Procedure. In fact, the plaintiff did not even attempt any manner of service, however imperfect, upon Revenue Officer D'Agostino. This action is dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the plaintiff has failed to properly effect service upon either the named defendant, Revenue Officer D'Agostino, or the proper defendant, the United States.

## III.  *Revenue Officer D'Agostino is Immune from this Suit*

### A.  *Revenue Officer D'Agostino is Immune From the Various Common-Law Tort Claims*

■ For the reasons discussed above, it is clear that, even assuming *arguendo* that Revenue Officer D'Agostino took any actions with respect to the plaintiff, he acted in his official capacity as an employee of the Internal Revenue Service. As such, he is absolutely immune from the various common-law tort claims contained in paragraphs 6 through 12 of the complaint. *Miller v. DeLaune*, 602 F.2d 198, 199–200 (9th Cir.1979) (per curiam); *Granger v. Marek*, 583 F.2d 781, 784 (6th Cir.1978); *Gonzales v. Leonard*, 497 F.Supp. 1058, 1067

(D.Conn.1980); *see also Butz v. Economou,* 438 U.S. 478, 507–08, 98 S.Ct. 2894, 2911–12, 57 L.Ed.2d 895 (1978).

Accordingly, at least insofar as the plaintiff's complaint seeks redress for the various common-law torts which he alleges were committed against him, the complaint is dismissed.

### B. *Revenue Officer D'Agostino is Immune from the Alleged Constitutional Tort*

■ The plaintiff alleges that the levying upon his wages rises to the level of a violation of his "5th Amendment right against the deprivation of his property without due process of law." Complaint ¶ 5. Assuming for the purposes of this motion that the levy was erroneous, Revenue Officer D'Agostino is nevertheless immune from the plaintiff's claim for damages because he was not personally involved in the alleged actions and because Congress has provided a statutory mechanism for redress in this type of situation.

■ An individual defendant cannot be liable for damages caused by an alleged constitutional violation unless he was in some way personally involved in the commission of the acts complained of by the plaintiff. *Gonzales v. Leonard,* 497 F.Supp. at 1075; *accord Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (a municipality cannot be held liable under 42 U.S.C. § 1983 unless there is a causal connection between action taken pursuant to a municipal policy and the alleged constitutional tort).[2]

This doctrine of non-involvement immunity applies with equal force to the instant proceeding. Revenue Officer D'Agostino is absolutely immune since there is no causal connection between his acts and the alleged constitutional violation or the alleged resulting harm. For this reason alone, the plaintiff's complaint should be and is dismissed.

### IV. *The United States is Immune From This Suit*

■ This suit should be cast as a suit against the United States. The United States, however, is immune from this suit in its current posture because the United States has not waived its sovereign immunity to be sued for damages, and the plaintiff has not complied with the statutory prerequisites for suing the United States for a refund of overpaid taxes. The United States is immune from suit except when it specifically, by statute, waives its sovereign immunity. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351–52, 65 L.Ed.2d 607 (1980); *Melechinsky, supra.*

Furthermore, Congress has expressly prohibited a plaintiff's action for damages when the acts complained of arise "in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c). As was explained above, the Internal Revenue Code sets forth the steps which must be followed before an action for a refund can be maintained against the United States. *See Flora v. United States,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Since the plaintiff has not complied with these jurisdictional prerequisites, and the United States has not waived its sovereign immunity for this action, the complaint must be dismissed.

### *Conclusion*

For all of the foregoing reasons, the plaintiff's complaint is dismissed and judgment shall enter in favor of the defendants Bruce R. D'Agostino and the United States of America.

SO ORDERED.

---

**2.** This principle, applied by the courts in suits brought under 42 U.S.C. § 1983, is also applicable to this case.

[I]t is " 'untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials.' " [*Harlow v. Fitzgerald,*] 457 U.S. [800,] at 818, n. 30 (quoting *Butz v. Economou,* 438 U.S. at 504, 98 S.Ct. at 2909–10).

*Malley v. Briggs,* 106 S.Ct. 1092, 1096 n. 2 (1986).