**William H. FLANK, Plaintiff,**

v.

**Thomas D. SELLERS, Defendant.**

No. 78 Civ. 5681 (PNL).

United States District Court,
S.D. New York.

May 21, 1987.

William Flank, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Jordan Stanzler, Asst. U.S. Atty., of counsel), for defendant.

LEVAL, District Judge.

This is a motion by defendant Thomas Sellers, an IRS auditor, for summary judgment dismissing a taxpayer's personal suit against him. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The taxpayer brought the action pro se after Sellers denied as untimely his formal refund claim for overpayment of his 1970 taxes. The complaint originally named the IRS, Sellers and Brennan, another IRS employee. It sought a refund, as well as compensatory and punitive damages.

On February 6, 1980, I dismissed the claims against the IRS by reason of statute of limitations and sovereign immunity but afforded plaintiff the opportunity to substantiate his allegations that defendants Sellers and Brennan violated his constitutional rights by acting "arbitrarily, capriciously, and in bad faith" in processing his claim.

Defendants' subsequent motion for summary judgment or a more definite statement was referred to Magistrate Tyler. Plaintiff later filed an amended complaint dropping the case against Brennan, leaving Sellers as the sole defendant. Sellers renewed his summary judgment motion. Magistrate Tyler filed a Report and Recommendation that the motion be granted, to which petitioner has filed timely objections.

*Background*

This lawsuit arises out of the IRS' disallowance of $2,188.00 in charitable deductions taken by plaintiff on his 1970 income tax return. The IRS notified plaintiff of its disallowance and additional assessment of $495.39 and of his right to substantiate his deductions by submitting "receipts, cancelled checks, and the documentary evi-

dence of payment." Plaintiff refused either to mail in his documentation or to come in for an interview and instead demanded a field audit. The IRS refused and, on September 20, 1972, sent a Statutory Notice of Deficiency.

The IRS assessed a deficiency of $551.92 and, by letter of June 4, 1973 notified plaintiff that it would be collected out of his 1972 overpayment. Plaintiff "vigorously protested" the refund reduction in a letter of August 7, 1973, which the IRS treated as a informal refund claim. Still insisting on a field audit, he refused to appear for interviews scheduled by the IRS to consider his claim. The IRS accordingly disallowed the claim and closed his case on February 21, 1974.

Plaintiff thereafter changed course and wrote several letters attempting to schedule an appointment for verification of his 1970 charitable deductions. Receiving no response, he filed a formal refund claim dated May 16, 1975. The claim was assigned to defendant Sellers, who had had no previous contact with the matter. Though plaintiff appeared at the IRS' White Plains Office with documents substantiating his claimed 1970 charitable deductions, Sellers determined that the claim was barred as untimely.

Sellers relied on I.R.C. § 6511(a), which provides that a "[c]laim for credit or refund ... shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid." The applicable return was filed in 1971 and, according to both the Certificate of Assessments and Payments and the transcript of plaintiff's IRS transactions, the payment was made on April 15, 1973. *See also* I.R.C. § 6513(b)(2). The formal refund claim filed in late May 1975 was therefore found untimely and denied.

*Discussion*

Plaintiff makes essentially three claims against defendant Sellers. *See* Amended Complaint ¶ 1(a). First, he alleges that defendant unreasonably ignored evidence that the date of payment specified in the Certificate was erroneous. Second, he asserts that defendant "arbitrar[ily] refus[ed] to accept bona fide evidence of timely appeals" which, in effect, tolled the statute of limitations of I.R.C. § 6511(a). Third, he alleges that defendant misled him by "falsely stating that [defendant] would obtain an opinion from the legal department of the Internal Revenue Service," with the result that plaintiff did not timely file his refund suit in this court.

Under the doctrine of *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the defendant is entitled to dismissal by reason of his qualified immunity unless it can be shown that his conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." With respect to plaintiff's first two claims, Magistrate Tyler found that Sellers was entitled to summary judgment on this ground.

Sellers proved that in finding plaintiff's refund claim untimely he reasonably relied on the Certificate of Assessments and Payments and the transcript of plaintiff's tax transactions, documents which are legally presumed to be correct. *E.g., United States v. DeBeradinis,* 395 F.Supp. 944, 950 (E.D.N.Y.1975), *aff'd without op'n,* 538 F.2d 315 (2d Cir.1976); *United States v. Galtrof,* 245 F.Supp. 158, 159 (S.D.N.Y.1965). Although plaintiff disputes whether the law as to date of payment was correctly applied in the making of those documents, he has submitted nothing to rebut Sellers' good faith and reasonableness in relying on them. Plaintiff cannot establish a *Bivens* action against the auditor personally by showing merely that he made a mistake of law. *Compare Foxman v. Renison,* 625 F.2d 429, 431–32 (2d Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290 (1980) (no constitutional rights infringed where IRS review procedures available, even if agent violated regulations in refusing to consider evidence substantiating claimed deductions) *and Cameron v. IRS,* 773 F.2d 126 (7th Cir. 1985) (no damage remedy where plaintiff alleges "only that internal revenue agents acted in a heavy-handed, insensitive, and careless fashion in processing the taxpay-

 

er's tax returns") *and Baddour, Inc. v. United States*, 802 F.2d 801, 806–08 (5th Cir.1986) (echoing *Cameron*'s concern that the difficult function of tax collection not be unduly hampered by court-created remedies against agents), *with Rutherford v. United States*, 702 F.2d 580, 584–85 (5th Cir.1983) (harassment and gross abuse might constitute constitutional tort).

In response to defendant's prima facie showing of entitlement to summary judgment by reason of his reasonable reliance on apparently governing documents, plaintiff has failed to raise a triable issue of fact as to unreasonable, arbitrary or bad faith conduct. Magistrate Tyler was correct in recommending grant of summary judgment on the first claim.

 As Magistrate Tyler correctly found, the defendant is also entitled to summary judgment on the second claim. Sellers' rejection of plaintiff's arguments of tolling and relation back to his earlier informal claim, which had been disallowed, was in conformity with well-established case law that "once a refund claim has been disallowed, it is not subject to amendment" or resubmission. *Allstate Ins. Co. v. United States*, 550 F.2d 629, 633, 213 Ct.Cl. 96 (1977) (*citing United States v. Memphis Cotton Oil*, 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed.2d 619 (1933)). Plaintiff proferred no evidence raising an issue of arbitrariness, bad faith or unreasonableness on Sellers' part as to this issue.

On defendants' earlier motion, I denied summary judgment as to the *Bivens* action on the grounds that a pro se plaintiff should be given the benefit of the fullest opportunity to substantiate his claims of bad faith through discovery. Plaintiff asserted at the time that there was further evidence of bad faith not yet produced. I observed, however, that a public official should not be exposed to the harassment, expense and worry of a trial just because a plaintiff had written words like "malicious," "arbitrary," and "in bad faith" in the complaint. Plaintiff has now had more than adequate opportunity to discover and show the existence of any evidence to support his complaint. He has shown none.

Defendant is entitled to judgment in his favor without the burden of a trial. Rule 56(e), F.R.Civ.P.

 Magistrate Tyler also found that the third claim should be dismissed for failure to state a claim capable of supporting relief. Rule 12(b)(6), F.R.Civ.P. Even if Sellers did promise on January 22, 1976, that he would seek an opinion from the IRS Legal Department, as the plaintiff asserts, plaintiff was later notified by letter dated February 6, 1976 of the denial of his refund claim. Plaintiff had two years thereafter to seek judicial relief by suing for a refund. His failure to do so resulted in the barring of his claim. There is no way in which Sellers' promise on January 22 to seek an opinion (assuming it was made as alleged), can have caused plaintiff's loss. I agree with Magistrate Tyler's recommendation that the third cause must be dismissed.

The action is hereby dismissed.