Alberto F. MORALES, et al.,
Plaintiffs–Appellees,

v.

James HAYNES and Virginia Perez,
Revenue Officers of IRS,
Defendants–Appellants.

No. 88–1966.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 1989.

Murray S. Horwitz, Dept. of Justice, Tax Div., Gary R. Allen, Jonathan S. Cohen, Washington, D.C., for defendants-appellants.

Susan Larsen, David P. Leeper, Malcolm McGregor, El Paso, Tex., for plaintiffs-appellees.

Before CLARK, Chief Judge, GEE and JOLLY, Circuit Judges.

PER CURIAM:

In this interlocutory appeal, we consider only whether the district court erred in denying the defendants, employees of the I.R.S., qualified immunity from a suit, which alleged that they violated the plaintiffs' due process rights. We hold that the plaintiffs have not shown that the defendants violated any "clearly established" right and that the defendants are entitled to the defense of qualified immunity. We therefore reverse.

I

James Haynes, a defendant, is a revenue officer with the Collection Division of the Internal Revenue Service in El Paso, Texas. On September 16, 1982, he was assigned to collect two taxpayer delinquent accounts (TDAs) involving the tax liability of Trading Group Inc. ("TGI"), an El Paso business. On the same day, Haynes met with Alberto Morales, president of TGI, to request the company pay approximately $26,000 in delinquent taxes from the fourth

quarter of 1981 and the first quarter of 1982. Morales requested that Haynes postpone collection action pending the outcome of an application for a loan from the Small Business Association. Haynes informed Morales that if the delinquent taxes were not paid TGI assets could be seized and Morales held liable for any excess. Morales agreed to meet Haynes at the I.R.S. office the following day to discuss the matter further.

At the meeting on September 17, Morales submitted some tax return information but offered no payment. Based on this information, the I.R.S. initiated a third TDA against TGI and granted it a ten-day extension within which to pay the delinquent taxes. On September 28, Morales again met Haynes and informed him that TGI could not pay the taxes at that time. Haynes indicated he would request the filing of federal tax liens and warned Morales that his assets could be seized. Notices of federal tax liens were recorded in El Paso County and at the office of the Secretary of State in Austin in October, 1982.

Haynes saw Morales several times over the next two months, because their offices were located in the same building. On these occasions, Morales assured Haynes that he was trying to raise money to pay the taxes. On February 16, 1983, Haynes discovered through a computer check that TGI had filed no tax returns for the third and fourth quarters of 1982. He also determined that "Final Notice and Demand" letters had been mailed from the I.R.S. to TGI. These notices informed TGI that the I.R.S. could levy upon its assets if the taxes were not paid within ten days. Haynes decided to commence a collection enforcement action and requested Virginia Perez, another I.R.S. agent, to accompany him to the offices of TGI.

Upon arrival at TGI, Haynes presented the levy to Alberto Morales and demanded payment of the delinquent taxes. When Morales replied that he could not pay, Haynes informed him that TGI's assets were to be seized in satisfaction of the unpaid taxes. He presented to Morales a form entitled "Consent to Entry To Inventory And Sell Seized Property" which Morales signed. Haynes and Perez proceeded to inventory assets and, in the process, found a briefcase containing jewelry. Perez called in a detective from the El Paso Police Department to determine whether the jewelry had been reported stolen or if there were any claims against it. Haynes or Perez told the detective that a seizure had been made and showed him the jewelry. After a brief investigation, the detective concluded the jewelry had not been reported stolen and left the premises. Also, during the inventory, Haynes reportedly asked TGI's receptionist for information regarding payment on several seized assets.

## II

On May 23, 1984, Morales, his wife, Eloisa, and TGI, Inc. filed a complaint in federal court against Haynes, Perez, and Glenn Cagle, district director for the Dallas District of the I.R.S., alleging they violated 26 U.S.C. § 6103(a) by making an unauthorized disclosure of tax return information, 26 U.S.C. § 6331 by seizing their property without notice, and their constitutional right of due process. The defendants asserted, inter alia, that they were immune from suit and moved to dismiss the complaint. On October 25, 1988, the court entered an order granting Cagle's motion to dismiss as an improper party. It also granted the appellants' motion to dismiss the section 6103 action against them in their individual capacities but denied it in their official capacities. It further granted the appellants' motion to dismiss the section 6331 action, holding the United States had not waived its sovereign immunity from suit under this section. Finally, the court held the plaintiffs could proceed against Morales and Haynes under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), citing *Rutherford v. United States*, 702 F.2d 580 (5th Cir.1983) in denying the defendants immunity from suit. On November 21, 1988, Haynes and Perez filed a notice of appeal to this court.

## III

■ Under *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817–18, 86 L.Ed.2d 411 (1985), we have jurisdiction of this interlocutory appeal of the district court's denial of the defendants' qualified immunity. In reviewing the district court order, we need only determine whether the plaintiffs established that the I.R.S. agents' conduct "violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Because the district court denied the defendants qualified immunity from suit under *Bivens*, we consider only whether the plaintiffs' claim that the defendants wrongfully disclosed return information and levied on their property without notice alleges a violation of a "clearly established" constitutional law. *See Davis v. Scherer*, 468 U.S. 183, 194, 104 S.Ct. 3012, 3019, 82 L.Ed.2d 139 (1984).

The plaintiffs' *Bivens* action proceeds under two theories: first, that, in wrongfully disclosing return information, the defendants injured their personal and professional reputations and hence their business, as well as Eloisa Morales' physical and mental health, thereby depriving them of a "liberty" interest without due process of law; and second, that in seizing their property without notice, the defendants deprived them of a "property" interest without due process of law. We hold neither claim alleges a violation of a "clearly established" constitutional right.

■ The plaintiffs' first claim, essentially, alleges a cause of action for defamation. Yet it is clear that reputation alone, which this *Bivens* action seeks to vindicate, is not a protected "liberty" interest. *Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976). Therefore, even if we assume that the defendants have harmed the plaintiffs' personal and professional reputations, resulting in injury to their business and the wellbeing of Eloisa Morales, they have not violated a clearly established constitutional right of the plaintiffs.

■ The plaintiffs' second claim, that the defendants violated due process by seizing their property without notice, also fails to allege a violation of a "clearly established" law. We have held that a wrongful levy by the I.R.S. under section 6331 does not violate due process, "so long as there is an adequate opportunity for post-collection review." *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986). The plaintiffs do not argue that no such adequate opportunity existed here.

In holding that the plaintiffs may have a *Bivens* action against the defendants, the district court relied on *Rutherford v. United States*, 702 F.2d 580 (5th Cir.1983). In that case the plaintiffs filed a *Bivens* action against an I.R.S. agent for allegedly tortious conduct in collection of taxes. The district court granted judgment for the I.R.S. agent, holding that because the Tax Code provided constitutionally adequate remedies, the plaintiffs could not prosecute their *Bivens* action. We reversed the district court's dismissal, holding that it had misconstrued the plaintiffs' due process claim as a deprivation of "property," rather than a deprivation of "liberty," in violation of the fifth amendment. Because the district court had not considered the question, however, we remanded the case for a determination of whether the agent's particularly egregious and offensive conduct might have deprived the plaintiffs of a "liberty" interest and, *if so, whether* that interest, once identified, was so "clearly established" as to deprive the defendant of his qualified immunity. 702 F.2d at 584. We did not hold that the alleged conduct violated a protected "liberty" interest, and we certainly did not hold that the defendant lost his qualified immunity by violating a "clearly established" constitutional right. In the case before us the plaintiffs, both in their briefs and at oral argument, have been unable to identify any constitutional right that potentially might have been violated by the agent's conduct and consequently, unlike *Rutherford*, remand is unnecessary for any further consideration by the district court.

For the foregoing reasons, the order of the district court denying immunity to the appellants is reversed and the case is remanded for the entry of an appropriate judgment.

REVERSED AND REMANDED.