**Gilbert T. GONSALVES, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, District Directors, Andover, Augusta, Philadelphia, and Paul Chinouard PRO Portland, Me., Defendants.**

**Civ. No. 92–22–P–C.**

United States District Court,
D. Maine.

April 28, 1992.

---

Gilbert T. Gonsalves, pro se.

David W. Newman, Tax Div., U.S. Dept. of Justice, Washington, D.C., David R. Collins, Asst. U.S. Atty., Portland, Me., for I.R.S.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

GENE CARTER, Chief Judge.

This action arises out of an internal revenue dispute between *pro se* Plaintiff Gilbert T. Gonsalves and the Internal Revenue Service ("IRS"). On January 15, 1992, Plaintiff filed his Complaint for monetary damages under the Due Process Clause of the Fifth Amendment of the United States Constitution.[1] He named Paul Chinouard, Problems Resolution Officer in Portland, Maine; and IRS District Directors for Andover, Massachusetts; Augusta, Maine; and Philadelphia, Pennsylvania as Defendants.

Plaintiff now asserts three claims constituting alleged constitutional violations by these IRS officials; namely, denial of his appeal rights under the internal revenue laws; failure to give notice and demand relative to assessments against him prior to issuing liens and levies; and use of delaying tactics in preventing him from concluding his tax differences.

---

1. This Complaint represents the third complaint that Plaintiff has filed with the Court. His first complaint, filed on October 16, 1990, was dismissed by Magistrate Judge Cohen on February 4, 1991 for failure to plead sufficiently under Federal Rule of Civil Procedure 8(a). *See* Civil No. 90–0247–P. His second complaint, filed on March 28, 1991, was dismissed in part by the Court on January 21, 1992 on Defendant's Motion for Summary Judgment. *See* Civil No. 91–0112 P–C. On January 30, 1992, the Court granted Defendant a Rule 52(c) judgment on partial findings on the remaining count of the complaint, thereby dismissing the complaint in its entirety. *See id.*

Plaintiff amended his most recent Complaint on January 27, 1992 to remove all alleged statutory violations and the original second count regarding the taxability of his wages received from the Panama Canal Commission. The Court will refer to the amended Complaint as Plaintiff's Complaint.

Defendants have moved to dismiss Plaintiff's Complaint on several grounds, including *res judicata*, immunity, absence of any wrongful conduct, and insufficient pleading under Federal Rule of Civil Procedure 8(a), based in part on the "heightened pleading" standard in actions against government officials. For the reasons that follow, the Court will grant Defendants' Motion to Dismiss.[2]

## I. *Discussion*

### A.

Some courts have held that a *Bivens* action, *see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410, 91 S.Ct. 1999, 2011–12, 29 L.Ed.2d 619 (1971), for monetary damages may be brought against I.R.S. officials who were directly responsible in their individual capacity for alleged constitutional violations under the Due Process Clause of the Fifth Amendment. *See Morales v. Haynes*, 890 F.2d 708, 710 (5th Cir.1989); *Yalkut v. Gemignani*, 873 F.2d 31, 35 (2d Cir.1989); *Hall v. United States*, 704 F.2d 246, 249 n. 1 (6th Cir.), *cert. denied*, 464 U.S. 1002, 104 S.Ct. 508, 78 L.Ed.2d 698 (1983); *Flank v. Sellers*, 661 F.Supp. 952, 954 (S.D.N.Y.1987). *Cf. Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *National Commodity and Barter Association, National Commodity Exchange v. Gibbs*, 886 F.2d 1240, 1248 (10th Cir.1989); *Cameron v. I.R.S.*, 773 F.2d 126, 129 (7th Cir.1985). Such officials are immune from suit, however, unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Morales*, 890 F.2d at 710 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). *See also Flank*, 661 F.Supp. at 954.

■ At the outset, the Court notes that such a defendant cannot be liable for damages arising from an alleged constitutional violation unless he or she was personally involved in the commission of the acts complained of by the plaintiff.[3] *See Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1355 (6th Cir.1989) (court upholds government's argument that plaintiff failed to make any factual allegations in *Bivens* action that connect any of the individual defendants to the alleged illegal actions), *cert. denied*, 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990); *Jackman v. D'Agostino*, 669 F.Supp. 43, 47 (D.Conn.1987) ("Revenue Officer … is absolutely immune since there is no causal connection between his acts and the alleged constitutional violation or the alleged resulting harm."); *Gonzalez v. Leonard*, 497 F.Supp. 1058, 1075 (D.Conn.1980) ("[E]ven if [Assistant Director for Investigations of the Hartford office of the INS] were liable in an action under … *Bivens* … [Commissioner of INS] could not be held responsible for [Assistant Director]'s conduct, since the principle of *respondeat superior* has no application in *Bivens* actions."). *See also Morales*, 890 F.2d at 709 ("[T]he [district] court entered an order granting [district director for the Dallas District of the I.R.S.]'s motion to dismiss as an improper party.").

■ Here, Plaintiff has failed to plead that the named Defendants in his Complaint were personally involved in the commission of the alleged acts of which he complains. In the absence of any causal connection between their conduct and these alleged acts, Defendants are immune from suit, and Plaintiff's Complaint must be dismissed. Even if Plaintiff had shown in his *Bivens* action that Defendants were personally involved, however, the Court would still dismiss each count of his Complaint for

---

2. The Court will not reach all of the various grounds raised by Defendants in their Motion to Dismiss because it will decide the Motion solely on the basis of immunity.

3. This Court has already held in its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment dated January 21, 1992, and in its subsequent Rule 52(c) judgment dated January 30, 1992, that Plaintiff's statutory rights under section 7433 of the Internal Revenue Code ("Code") were not violated. What remains undecided, however, is whether Defendants' conduct violated "clearly established constitutional rights of which a reasonable person would have known."

the reasons that follow, based on Defendants' immunity under *Harlow*.

## B.

### i.

Plaintiff alleges in the first count of his Complaint that the appeal rights outlined in I.R.S. documents are legally enforceable safeguards of individual interests, and that he suffered substantially as a result of Defendants' denial of these "guaranteed privileges." Plaintiff's Complaint, ¶ 1.

Courts have held that denial of appeal rights under the Code, such as notice and opportunity for a hearing, does not violate due process under the Constitution. *See, e.g., Stonecipher v. Bray*, 653 F.2d 398, 403 (9th Cir.1981) (denial of hearing prior to determining that taxpayer was not entitled to claim exemption from federal income tax did not violate due process), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1006, 71 L.Ed.2d 297 (1982).[4]

■ Here, the Court finds that I.R.S. officials did not violate any "clearly established" constitutional right in failing to conform strictly to internal appeals procedures, particularly where Plaintiff's due process rights are adequately protected by the statutory scheme of the Code. *See Stonecipher*, 653 F.2d at 403. Therefore, the Court finds that Defendants are immune from Plaintiff's *Bivens* action under Count I of his Complaint, which it will dismiss.

### ii.

Plaintiff alleges in the second count of his Complaint that Defendants seized his funds in violation of due process under the Fifth Amendment. Plaintiff's Complaint, ¶ 2.

■ Courts have held that taxpayers' claims that I.R.S. officials have violated due process under the Fifth Amendment by seizing their property without notice fail to allege violations of "clearly established" constitutional rights. *See, e.g., Wages*, 915 F.2d at 1235 ("[D]efendants are clearly entitled to qualified immunity, since no prior decisions from our circuit have *clearly* established any of the constitutional rights alleged to have been violated in the amended complaint.") (emphasis in original) (dicta); *Morales*, 890 F.2d at 710 (I.R.S. officials' levy on taxpayer's property without notice is not violation of "clearly established" constitutional right); *Yalkut*, 873 F.2d at 35 ("Because Yalkut's complaint alleges no actions by defendants that violated a clearly established constitutional right to due process, defendants are immune from suit."); *Baddour, Inc. v. United States*, 802 F.2d 801, 807 (5th Cir.1986) ("A person alleging that his property has been wrongfully levied upon has an opportunity for 'full judicial consideration, in an adversary context, of the validity of the levy.' More than that the Constitution does not guarantee." (quoting *Myers v. United States*, 647 F.2d 591, 603 (5th Cir. 1981))). *See also Fuentes v. Shevin*, 407 U.S. 67, 91–92, 92 S.Ct. 1983, 2000, 32 L.Ed.2d 556 (1972) ("[T]he Court has allowed summary seizure of property to collect the internal revenue of the United States ...").

Here, the Court ruled in favor of the United States on January 30, 1992 at trial on whether it had wrongfully seized by levy Plaintiff's property under section 7433 of the Internal Revenue Code. Even if the currently named Defendants had wrongfully levied upon such property, however, the Court finds that such conduct would not constitute a violation of a "clearly estab-

---

**4.** The Court of Appeals for the Seventh Circuit in *Cameron v. I.R.S.*, 773 F.2d 126 (7th Cir. 1985), noted the following:

> If in the course of enforcing the tax laws internal revenue agents ransack people's homes without a warrant, or otherwise violate the Fourth Amendment, the argument for a damage remedy against the agents is a powerful one, since a suit for a tax refund would not be an adequate substitute. The argument is weaker if the claim is that the agents refused to grant a charitable exemption to a religious organization in violation of the First Amendment *or deprived the taxpayer of some administrative procedure due him under the due process clause of the Fifth Amendment, for in both of these cases the wrong to the taxpayer can easily be set right through the legal procedures created by the tax code itself.*
> *Id.* at 128 (emphasis added).

lished" constitutional right.[5] Therefore, the Court finds that Defendants are immune from suit under Count II of Plaintiff's Complaint, which it will dismiss.

### iii.

Plaintiff alleges in the third count of his Complaint that Defendants violated his "right" to "prompt and timely responses to [his] inquiries and unhindered progress in the settlement of differences with the [I.R.S.]." Plaintiff's Complaint, ¶ 4.

■ Courts have dismissed taxpayers' complaints where their claim is that "the [IRS] agents made mistakes, subjected the taxpayer to unnecessary inconvenience, failed to explore possibilities for settlement, or otherwise failed to come up to the highest standards of conduct for government officers dealing with citizens." *Cameron*, 773 F.2d at 128–29. *See also American Association of Commodity Traders v. Department of Treasury*, 598 F.2d 1233, 1236 (1st Cir.1979). As the *Cameron* court noted:

> In an era of heavy taxation, many taxpayers, not merely "tax protesters," feel intense irritation at the federal tax authorities, and the courts would be flooded with frivolous cases if the unavoidable frictions generated by tax collection gave rise to potential damage claims against internal revenue agents. Maybe if the complaint "sketches a portrait of a lawless and arbitrary vendetta fueled by the power of the state, designed to harass by unwarranted intrusion into the minutia[e] of their financial affairs, and intended to abuse by the creation of palpably unfounded claims against their property which they can set to right only by unnecessary litigation," ... the taxpayer can resist a motion to dismiss; but that is not the portrait sketched by the present complaint. Even when liberally

construed, this complaint, if true, shows only that internal revenue agents acted in a heavy-handed, insensitive, and careless fashion in processing the taxpayer's tax returns. For such conduct there is no damage remedy.

*Id.* at 129.

Similarly, the aforementioned description is not the portrait sketched by Plaintiff's Complaint with respect to his third count for Defendants' alleged failure to provide "prompt" responses to Plaintiff. *Cf. Rutherford v. United States*, 702 F.2d 580, 584–85 (5th Cir.1983) (dicta). Such failure, even if true, does not constitute a violation of a "clearly established" constitutional right. Plaintiff has no "clearly established" right of constitutional magnitude to prompt action in the administrative sphere by an IRS agent. "Conduct too trivial in its impact on a normal person even to be a common law tort is unlikely to be a deprivation of constitutionally protected liberty. The Constitution must not be trivialized." *Cameron*, 773 F.2d at 129. Therefore, the Court will dismiss Count III of Plaintiff's Complaint because it finds that Defendants are immune from suit.

In sum, although the Court finds that Plaintiff may have appropriately brought a *Bivens* claim, the Court concludes that the named federal Defendants are entitled to immunity on two grounds. First, Plaintiff has failed to show that they were personally involved in the alleged actions. Second, even if Plaintiff had shown that Defendants were personally involved, he has failed to demonstrate that their conduct violated "clearly established" constitutional rights under the *Harlow* standard. Therefore, Defendants' immunity is preserved and Plaintiff's Complaint must be dismissed.

---

**5.** The United States Supreme Court has noted that:

> at least where irreparable injury may result from a deprivation of property pending final adjudication of the rights of the parties, the Due Process Clause requires that the party whose property is taken be given an opportunity for some kind of predeprivation or

> prompt post-deprivation hearing at which some showing of the probable validity of the deprivation must be made.

*Commissioner v. Shapiro*, 424 U.S. 614, 629, 96 S.Ct. 1062, 1072, 47 L.Ed.2d 278 (1976). Here, Plaintiff has made no showing of irreparable injury.

Accordingly, it is *ORDERED* that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) be, and it is hereby, *GRANTED.*

SO ORDERED.