James M. MOONEY, Plaintiff,

v.

CLERK OF COURTS, DISTRICT OF NEW HAMPSHIRE; Clerk of Courts, District of Rhode Island; Judge Steven J. McAuliffe; Judge Joseph A. DiClerico; Judge Ernest C. Torres; Magistrate Judge Robert W. Lovegreen; Gretchen Leah Witt, Assistant U.S. Attorney; Judge Martin F. Loughlin, Defendants.

Civ. No. N.H. 93–422–U.

United States District Court, D. New Hampshire.

Sept. 24, 1993.

James M. Mooney, pro se.

Jeffrey S. Cahill, U.S. Attorney's Office, Concord, NH, and Stephanie S. Browne, Asst. U.S. Atty., Providence, RI, for defendants.

*MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM*

GENE CARTER, Chief Judge.

I.

This matter is before the Court for action on Defendants' Motion to Dismiss for Failure to State a Claim.[1] The motion is brought

---

1. This matter, originally filed in the state courts of New Hampshire, was removed to the United States District Court for the District of New Hampshire on July 30, 1993. An order was entered herein on September 21, 1993, referring the case to the District of Maine, jurisdiction to remain in the District of New Hampshire, because of the recusal herein of all judges of the United States District Court for the District of New Hampshire. The case was assigned to the

pursuant to Federal Rule of Civil Procedure 12(b)(6).

■ In the Complaint, the *pro se* Plaintiff herein asserts claims of the violation of his federal constitutional rights and seeks redress therefor pursuant to 42 United States Code section 1983.[2] The claims are based on two central allegations of fact arising from the handling of two prior actions in the District of New Hampshire Court in which Plaintiff was also a party plaintiff; *Mooney v. Clerk of Courts Office, United States District Court for District of New Hampshire, et al.*, Civil No. (N.H.) 93–025–U, Civil No. (R.I.) 93–109–T, and *Mooney v. Department of Defense*, Civil No. (N.H.) 92–226–L. These central allegations of fact are:

(1) That the Office of the Clerk of the District Court for the District of New Hampshire improperly failed to issue "process" for service in Civil No. (N.H.) 92–226–L and that the suit was improperly dismissed; and

(2) That the Office of the Clerk of the District Court for the District of New Hampshire and other personnel of that court acted improperly in "transferring" Civil No. (N.H.) 93–025–U to the District Court for the District of Rhode Island.[3]

undersigned by the usual case-assignment procedures of the District Court for the District of Maine. The undersigned has been designated to sit in the case by Chief Judge Stephen Breyer by a designation dated September 9, 1993, and filed in this case.

2. The "Statement of Jurisdiction" in Plaintiff's case herein reads in pertinent part as follows:

Merrimack County Superior Court is a court of proper jurisdiction in this complaint given the U.S. District Court's both R.I. and N.H.'s illegal activities in illegally transfering [sic] or assigning the actions of Mooney Vs. Clerks of Court N.H.D.C. docket # 93–CV–025 *and* Mooney Vs. N.H.D.C. Judges Barry and McAuliffe docket # 93–CV–034 to the District of R.I. PERIOD.

It is now clear that only deprivation of the plaintiff's civil rights can be accomplished in that or actually both courts being U.S. District Court for the District of R.I. and N.H., So the plaintiff, so that issuance of a Summons' and process of Service may be accomplished files *this civil Law action in Merrimack County Superior Court.*

Also that an answer to this Civil Rights, Civil Law action pursuant to the 1964 Civil Rights Act title 42 of the United States Code Section 1983 be obtained from the named defendants *within 60 days from receipt of process of Service!*

Also that pursuant to title 42 of the U.S.Code Section 1983 "Deprivation of Rights" is allowed to (the plaintiff) bring this "civil Law Action, suit in Equity, or other proper proceeding for redress." And upon filing of this Civil Rights, Civil Law Action has done so.

...

Also that the plaintiff is a resident of the state of N.H. and resides in Concord, N.H.— Merrimack County. Also that the officials named in this action being the N.H. clerks office U.S.D.C. and Justices thereof "reside" as defined by 28 USC 455 and being that they reside in N.H. and are responsible for this claim arising by attempting to return the pleadings surrounding Mooney Vs. Clerks, and

Mooney Vs. Justices Barry & McAuliffe for *failure to certify to the District of R.I.* and also conducting *illegally* with full intent on [sic] depriving the plaintiff of his right to equal protection under the FEDERAL Laws of these United States a criminally contemptuous proceeding in R.I. District Court (U.S.) on exactly 6/3/93 have incurred this civil Rights, civil Law action pursuant to 42 USCA section 1983. PERIOD.

(Emphasis indicated by boldface added; emphasis indicated by underscoring in original.)

3. Plaintiff defines his claims in the Complaint in summary form as follows:

The plaintiff in this action Mooney Vs Defs.' as listed #'s 1 thru 8 via this complaint filed on exactly *7/16/93* hereby alledges [sic] and complains of violations of federal law by the named defendants in regards to "failure to issue" the summons and complaint in regards to Mooney Vs. M.S.P.B. & D.O.D. Docket # F–1–92–CV–571 to which the action of Mooney Vs. Clerks of Court N.H.D.C. arose, and was actually defaulted on the and by the named defendants for failure to answer the actuall [sic] complaint filed. Also in regards to "transferring" or "Assigning" the cause, case or civil Law of Mooney Vs Clerks of Courts office, U.S. District Court Concord N.H. to the District of R.I.'s U.S. District Court in Violation of applicable federal Law 28 USC 1391e civil actions against federal officers or agencys [sic] or federal officers as parties to civil actions as defendants.

Also that these are a violation or a federal civil rights violation of the plaintiffs [sic] civil rights under the civil rights act [sic] of 1964 title 42 U.S.C.A. section 1983 "civil actions for deprivation of rights, by the named defendants. [sic]

This "transfer" or "assignment" by the U.S.D.C. clerks of Courts office & also apparently by def # 4 Joseph A. DiClerico Jr. Judge U.S. District Court on or about 2/4/93 after suppos [sic] "recusal" by senior Judge Martin

Plaintiff's claims cannot survive Defendants' Motion for Dismissal for Failure to State a Claim because Plaintiff has specifically and narrowly defined those claims as claims for violation of his federal constitutional rights under 42 U.S.C. § 1983. The United States Supreme Court has said:

> To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation *was committed by a person acting under color of state law*....
>
> The traditional definition of acting under color of state law requires that the defendant in a § 1983 action *have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'*
>
> .     .     .     .     .
>
> To constitute state action 'the deprivation must be caused by the exercise of some right or privilege *created by the state* ... or by a person *for whom the state is responsible,*' and 'the party charged with the deprivation must be a person who may fairly be said *to be a state actor*'.... It is firmly established that a defendant in a § 1983 suit acts under color of state law *when he abuses the position given to him by the state.  See Monroe v. Pape,* 365 U.S. [167] 172, 5 L.Ed.2d 492, 81 S.Ct. 473 [476]. Thus, generally a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities *pursuant to state law.*

*West v. Atkins,* 487 U.S. 42, at 48–50, 108 S.Ct. 2250, at 2255, 101 L.Ed.2d 40 (1988) (omitting citations; emphasis added). It has long been established in this circuit that "no action under § 1983 lies against *federal* officials acting pursuant to *federal* law." *Soldevila v. Secretary of Agriculture of United States,* 512 F.2d 427 (1st Cir.1975) (emphasis in original). The Complaint herein sets forth only claims for violation of federal rights based upon allegations of actions taken by several of the Defendants while acting solely in the course of and pursuant to their authority in their various *federal* capacities. Such claims are· beyond the scope of section 1983. No assertion of "state action" is made. Thus this Complaint fails to state a claim upon which relief can be granted. *Chatman v. Hernandez,* 805 F.2d 453, at 455 (1st Cir. 1986).

According it is hereby *ORDERED* that the Complaint herein be, and it is hereby, *DISMISSED* as against all Defendants.

## II.

The Court, having· disposed of the claims actually set forth in the subject Complaint, has remained, however, mindful of Plaintiff's *pro se* status and of the charitable dictates of cases like *Hains v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), and *Eveland v. Director of C.I.A.,* 843 F.2d 46, 49 (1st Cir.1988), requiring the Court· to construe a *pro se* litigant's pleadings "less stringently" than it would those drafted by an attorney. The Court has studied carefully the entire contents of the Complaint in this case and concludes that by no reasonable construction can it be taken to state anything other than what it explicitly purports to state; that is, claims of violation of federal rights by persons acting pursuant to federal law. It has considered what would be the fate of such claims if tested on the pending motion.

■   If such complaints will not lie ·under section 1983, they can be regarded only as torts actionable, if at all, under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), and related statutes, or constitutional torts actionable, if at all, only under the theory of *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

---

Loughlin in regards to presiding over the action of Mooney Vs. Clerk of Courts Docket # 93–CV–6 [illegible] was taken by both Judge DiClerico via his order of 2/4/93 to which Judge Loughlin was assigned *not* Judge DiClerico in regards to Mooney v. U.S. District Court Judges Barry *and* McAuliffe Docket # 93–CV– 034 *and* also the clerks action Mooney Vs Clerk of Court Docket 93–CV–025 and is in *violation of federal Law* 28 U.S.C. 455 "Disqualification of justice, Judge, or Magistrate [sic].

Complaint herein "Complaint Section" (emphasis in original).

Tort claims, if artfully constructed out of the allegations of this Complaint, would be subject to dismissal for failure to comply with the administrative claims requirements of 28 United States Code section 2675(a).[4] There is no assertion in the Complaint, nor is there any other external indication, that Plaintiff has made any effort to comply with the requirements of this section in respect to the submission of an administrative claim. Thus, such claims would be required to be dismissed. *Eveland v. Director of C.I.A.*, 843 F.2d 46, 49–50 (1st Cir.1988).

■ If one treats the Complaint as stating *Bivens*-type constitutional claims, assuming (without deciding) that such claims escape the rigors of section 2675(a), it would fare no better. No allegation of a specific factual nature about the actions of five named Defendants are made in the Complaint. They are the Clerk's Office for the District of Rhode Island, Judges Loughlin, McAuliffe, and Lovegreen, and Assistant United States Attorney Witt. Even a *pro se* plaintiff is required to plead "specific facts" backing up his claim. *Glaros v. Perse*, 628 F.2d 679, 684 (1st Cir.1980), and cases there cited. Such claims against these Defendants would fail in the face of the motion.

■ Such claims asserted against the Defendants identified as the Clerk of Courts for the Districts of New Hampshire and Rhode Island would fail if tested on the motion. Those Defendants are clearly sued in this Complaint as governmental entities. *Bivens* liability does not lie against governmental agencies but only against government agents as individuals who "may be *personally* liable for deprivation of constitutional interests." *Gonsalves v. Internal Revenue Service*, 975 F.2d 13, 15 (1st Cir.1992); *see also Gon-*

*salves*, 791 F.Supp. 19 (D.Me.1992) (Carter, C.J.).

Only Judges DiClerico and Torres are left. All the allegations explicitly set forth in the Complaint, or reasonably to be inferred therefrom, clearly show that it is contended that they acted at all times within the scope of their jurisdiction as judicial officers.[5] Hence, they have absolute judicial immunity for their acts. *Pierson v. J.L. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

Thus, any *Bivens*-type claims concocted out of this Complaint would, in the view of this Court, fail to pass muster if tested on the pending motion.

---

4. This statute reads:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

5. The same is also true of Judges Loughlin, McAuliffe, and Lovegreen.