Mooney v. Gallagher                    CV-95-224-JD  06/12/95
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


James M. Mooney

        v.                           Civil No. 95-224-JD

Bruce Gallagher, et al.


                              O R D E R


        For the seventh time since 1992 the plaintiff has filed a

complaint related to his termination as an employee of the

Department of Defense and to the litigation he has pursued in

connection therewith.  The previous six complaints have been

dismissed either on jurisdictional grounds or because they were

frivolous or failed to state a claim.[1]  The gravamen of the

_____

        [1]  The following chronology of cases previously filed by the
plaintiff is quoted from Exhibit A of the government's memorandum
in support of its motion to dismiss (document no. 5).

        1.   Mooney v. Department of Defense, 92-226-L, filed
             5/7/92; dismissed 9/24/92 on ground that exclusive
             jurisdiction for appeal of MSPB action lay with the
             Federal Circuit Court of Appeals; affirmed 993 F.2d
             1530 (1st Cir. May 25, 1993)(Tables).

        2.   Mooney v. Department of Defense and MSPB, 92-CV-571-
             M, filed 11/10/92; dismissed 12/14/92 on
             recommendation of Magistrate Judge on ground that
             exclusive jurisdiction lay with Federal Circuit
             Court of Appeals; affirmed 7 F.3d 218 (1st Cir.
             Sept. 28, 1993)(Tables).

        3.   Mooney v. United States District Court Clerk's
             Office for the District of New Hampshire, 93-025-U,
             filed 12/31/92 (on theory that Clerk's Office

present complaint is that the plaintiff was deprived of certain

violated civil rights in refusing to issue a summons in 92-CV-571-M upon Magistrate Judge's preliminary review of pro se complaint and issuance of Report and Recommendation suggesting dismissal of the claim); referred to District of Rhode Island on 2/4/93 as result of nature of claim and filing of separate action against Judge McAuliffe and Magistrate Judge Barry; dismissed by Torres, J. on 1/25/94 on recommendation of Magistrate Judge Lovegreen on ground that 1st Cir. affirmed dismissal of 92-CV-571-M and, therefore, no summons was required.

4. Mooney v. McAuliffe and Barry, 93-034-L, filed 1/26/93 (on theory that Judge McAuliffe and Magistrate Judge Barry erred in dismissing 92-CV-571-M); referred to District of Rhode Island on 2/4/93 as result of nature of claim and filing of separate action against Clerk of Court for failure to issue summons in 92-CV-571-M; dismissed 6/6/94 by Torres, J. on Plaintiff's failure to show cause why action should not be dismissed as mere collateral attack on 92-CV-571-M.

5. Mooney v. Department of Defense, MSBP, Dr. Clark, and the Maine Department of Labor, 93-113-B, filed 6/8/93 (on theory that defendants conspired to deprive Plaintiff of his job); dismissed July 27, 1993 as frivolous upon Plaintiff's failure to amend complaint.

6. Mooney v. Clerk of Court Offices for District of New Hampshire and Rhode Island, McAuliffe, DiClerico, Torres, Lovegreen, Loughlin, and Witt, D.N.H. 93-422-U, filed on 7/19/93 (on 1983 claims for violation of civil rights in the "transfer" of 93-CV-025 and 93-CV-034 from the District of New Hampshire to the District of Rhode Island); assigned by Judge Breyer of the 1st Cir. to Judge Carter, District of Maine, on September 21, 1993; dismissed 831 F. Supp. 7 (D.N.H. 9/27/93) for failure to state claims under 1983, FTCA or Bivens.

2

rights because the defendants conspired to have two prior civil rights actions filed by the plaintiff in the District of New Hampshire "transferred" to the District of Rhode Island and assigned to a federal judge in that district.

The complaints in question[2] named the clerk's office, the magistrate judge, and a judge, of the United States District Court for the District of New Hampshire, as defendants. Therefore, it was necessary and appropriate for the remaining judges in the district to recuse themselves in order to avoid any apparent or actual conflict of interest.

In accordance with longstanding administrative practice in the First Circuit, the chief judge of the First Circuit Court of Appeals, under statutory authority granted to him, annually designates each judge in the District of New Hampshire to perform the duties of a district judge in the District of Rhode Island and annually designates each judge in the District of Rhode Island to perform the duties of a district judge in the District of New Hampshire. 28 U.S.C. § 292(b). Cross-designation is a practical procedure designed to address promptly those situations which occasionally arise when all of the judges in one district are recused from presiding over a particular case. In such a situation, the case is assigned to a judge in the other district

_____

[2]See paragraphs 3 and 4 in footnote 1.

and that judge continues to preside over the case until it has been disposed of. The case remains on the docket of the district in which it is filed and if it is tried, the trial occurs in that district.

The cases in question were "transferred" to the District of Rhode Island only in the sense that a judge from that district, designated by the chief judge of the First Circuit Court of Appeals to perform the duties of a district judge in the District of New Hampshire, was assigned to preside over them. In other words, the venue of these cases always remained in the District of New Hampshire.

The defendants named in the complaint before the court had no statutory or other authority to "transfer" the cases to the District of Rhode Island and played no role whatsoever in the standard administrative procedure by which these cases were assigned to a judge from the District of Rhode Island.

In light of the foregoing, the complaint fails to state a cause of action and therefore must be dismissed. The complaint must also be dismissed for the other reasons set forth by the defendants in their memorandum (document no. 5).

Since this is the seventh complaint brought by the plaintiff arising out of the same general subject matter, it is the opinion of the court that the plaintiff has become a vexatious litigant.

4

These seven complaints have unnecessarily consumed the resources of the court and of the United States Department of Justice. The court has an obligation to protect the litigation process from abuse and public resources from being consumed by individuals who persist in pursuing meritless claims after they have had their day in court. Therefore, the plaintiff is placed on notice that in the event he files another complaint relating to the subject matter of the seven complaints that have been previously dismissed, the court will impose a "leave to file" requirement on him. See In re Martin-Trigona, 9 F.3d 226 (2d Cir. 1993), a copy of which is attached hereto for the information of the plaintiff.

Motion to dismiss (document no. 5) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

June 12, 1995

cc:  James M. Mooney, pro se
     T. David Plourde, Esquire

5