**Gilbert T. GONSALVES,**
**Plaintiff, Appellant,**

v.

**INTERNAL REVENUE SERVICE,**
**Defendant, Appellee.**

**No. 92–1204.**

United States Court of Appeals,
First Circuit.

Submitted May 28, 1992.
Decided Sept. 14, 1992.

Gilbert T. Gonsalves, on brief, pro se.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene and Curtis C. Pett, on brief, for defendant, appellee.

Before BREYER, Chief Judge, CAMPBELL, Senior Circuit Judge, and CYR, Circuit Judge.

PER CURIAM.

The appellant, Gilbert Gonsalves, worked in Panama for the Panama Canal Commission between 1979 and 1985. Like some of his colleagues, he took the position that the Panama Canal Treaty—which in 1979 returned the Canal Zone to Panamanian sovereignty—created an exemption from United States income taxes for American employees of the Commission. In 1986, the United States Supreme Court decided that the treaty did not create such an exemption. *O'Connor v. United States*, 479 U.S. 27, 107 S.Ct. 347, 93 L.Ed.2d 206 (1986).

The Internal Revenue Service had been collecting income taxes withheld from Mr. Gonsalves' salary even before the Supreme Court decided *O'Connor*. The IRS' authority to collect these taxes, and the amounts due in addition to those withheld, continued to be a subject of contention between Mr. Gonsalves and the IRS even after *O'Connor* was decided. Mr. Gonsalves believed that *O'Connor* had only prospective effect, and did not require him to pay income taxes for the period 1979–1985.

Mr. Gonsalves filed his 1981 tax return sometime in 1985 or 1986. The IRS determined that he owed additional taxes for 1981. It made an assessment for the amount owed, 26 U.S.C. § 6203, and sent Mr. Gonsalves notice of the assessment and demand for payment pursuant to 26 U.S.C. § 6303. Upon assessment, a lien arose in favor of the United States against all of Mr. Gonsalves' property. 26 U.S.C. §§ 6321, 6322. In March 1988, the government collected at least some of the amount assessed by levying upon Mr. Gonsalves' bank account at the Granite State National Bank. 26 U.S.C. § 6331.

In 1991, frustrated by his inability to obtain through administrative channels the tax refund to which he considered himself entitled, Mr. Gonsalves filed this lawsuit in the United States District Court for the District of Maine. He alleged that the Internal Revenue Service had violated his constitutional rights in four ways: (1) by denying him the right to "appeal" his claims within the IRS "as provided for by Internal Revenue Service procedures," (2) by refusing to refund all taxes collected for the years 1981 through 1985, (3) by levying upon his bank account "without prior notification," and (4) by "using delaying and evasive tactics to prevent the Plaintiff from concluding his tax differences in a timely manner." He alleged that each of these four acts also gave rise to a claim for damages under the "Taxpayer Bill of Rights," 26 U.S.C. § 7433. Mr. Gonsalves sought damages of more than $1,000,000, but did not ask for a refund of taxes paid for the years at issue. *Gonsalves v. United States*, 782 F.Supp. 164, 166 n. 2 (D.Me. 1992).

The district court gave partial summary judgment to the government. First, the court granted judgment on all of Mr. Gonsalves' claims insofar as he sought to re-

cover for alleged violations of his constitutional rights. 782 F.Supp. at 168. The court then examined Mr. Gonsalves' claims for damages under 26 U.S.C. § 7433, and gave summary judgment to the government on the first (appeal rights), second (refusal to refund) and fourth (delaying tactics) claims. *Id.* at 170–73. The court ruled, however, that a triable issue existed with respect to the claim that the government had levied upon Mr. Gonsalves' bank account without proper notice. *Id.* at 171–72.

A second district judge held a bench trial on the remaining claim in January 1992. After Mr. Gonsalves, appearing *pro se,* had put in his case on the notice issue, the government moved for a judgment on partial findings. *See* Fed.R.Civ.P. 52(c). The district court found that the IRS had failed to give proper notice of its intention to levy in compliance with 26 U.S.C. § 6331(d). Although the IRS had mailed a notice to Mr. Gonsalves, it had not sent the notice to his "last known address," as the statute required. 26 U.S.C. § 6331(d)(2)(C).

Nevertheless, the district court granted the government's motion. The court ruled that Mr. Gonsalves could not recover under Section 7433 because (1) the levy had occurred before Section 7433 became effective, and (2) Mr. Gonsalves had failed to prove that he sustained any "actual, direct economic damages," 26 U.S.C. § 7433(b)(1), as a result of the ineffective notice. This appeal followed. We affirm.

## I

■ The district court correctly disposed of all of Mr. Gonsalves' claims for damages allegedly caused by constitutional violations. The complaint named only the Internal Revenue Service (that is, the United States) as a defendant. It did not identify, or seek damages from, any of the individual IRS officers who may have actually committed the acts complained of, and who might have been held personally liable for their behavior. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (holding that government agents can be sued for damages caused by their violations of citizens' constitutional rights). *See also Gonsalves v. Internal Revenue Service,* 791 F.Supp. 19 (D.Me.1992) (dismissing Mr. Gonsalves' separate complaint against particular IRS officials). But "the sovereign immunity of the United States is not waived simply because agents of the government may be *personally* liable for deprivation of constitutional interests." *American Ass'n of Commodity Traders v. Department of Treasury,* 598 F.2d 1233, 1235 (1st Cir. 1979). There is no implied right of action, analogous to that found in *Bivens,* for claims against the government.

## II

The district court also correctly granted judgment to the government on Mr. Gonsalves' claims for damages under 26 U.S.C. § 7433. Congress enacted this statute in 1988 as part of a "Taxpayer Bill of Rights." Section 7433 was intended to give taxpayers "a specific right to bring an action against the Government for damages sustained due to unreasonable actions taken by an IRS employee." Conf.Rep. No. 1104, 100th Cong., 2d Sess., at 228, *reprinted in* 1988–3 Internal Revenue Cum.Bull. 473, 718. The statute says:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in Section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a).

■ Section 7433's waiver of sovereign immunity, like any other, "must be strictly observed," *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957), and construed "in favor of the sovereign." *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26

(1951). Courts may not "enlarge ... beyond what the language [of the statute creating the waiver] requires." *Eastern Transportation Co. v. United States*, 272 U.S. 675, 686, 47 S.Ct. 289, 291, 71 L.Ed. 472 (1927).

■ These limiting principles are fatal to all of Mr. Gonsalves' claims under Section 7433. Because the statute authorizes suits only where an IRS agent has violated the taxing statutes or the regulations promulgated under them, Mr. Gonsalves cannot recover from the government for the alleged denial of his appeal rights. These "rights," as Mr. Gonsalves acknowledges, were created not by statute or regulation, but by internal IRS policy as reflected in publications disseminated to taxpayers. The government has not consented to suit for violations of rights created in this manner. Therefore, whether or not the courts may have a duty to enforce the rights at issue in appropriate circumstances and by appropriate methods, *see United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), they have no power to do so by assessing liability for money damages against the United States. *See United States v. Testan*, 424 U.S. 392, 400–401, 96 S.Ct. 948, 954, 47 L.Ed.2d 114 (1976) (existence of substantive rights does not "of necessity create a waiver of sovereign immunity such that money damages are available to redress their violation"). By the same token, Mr. Gonsalves' claim that the IRS used "delaying and evasive tactics" must fail because Mr. Gonsalves cannot point to any specific statute or regulation which these tactics might have violated.

■ Mr. Gonsalves' claim for damages resulting from the government's refusal to give him a tax refund runs afoul of the clause in Section 7433 which says that a taxpayer may sue only if an IRS agent disregards a statute or regulation "in connection with any *collection* of Federal tax." The essence of Mr. Gonsalves' claim is that the government violated the tax laws by refusing to give him a refund because he was exempt from paying taxes during the years in question. In order to prevail on this claim, Mr. Gonsalves would have to prove that the IRS incorrectly *determined* the amount of his tax liability.

The legislative history of Section 7433 tells us that "an action under this provision may not be based on alleged ... disregard in connection with the determination of tax." Conf.Rep. No. 1104, 100th Cong., 2d Sess., at 229, *reprinted in* 1988–3 Internal Revenue Cum.Bull. 473, 719. Taxpayers who wish to challenge the IRS' calculation of their tax liability must file either a petition for redetermination in the Tax Court, 26 U.S.C. §§ 6213, 6214, or a refund action in the district court. 26 U.S.C. § 7422. Section 7433 was not intended to supplement or supersede, or to allow taxpayers to circumvent, these procedures. *Cf. McMillen v. United States Department of Treasury*, 960 F.2d 187, 190 (1st Cir.1991) (per curiam) (Section 7432 does not authorize taxpayers to circumvent refund action process by litigating merits of assessment in suit for damages allegedly caused by IRS' refusal to release liens on taxpayers' property).[1]

■ Finally, the trial judge properly granted judgment to the government on Mr. Gonsalves' claim for damages caused by the inadequate notice of the IRS' intention to levy. Congress provided that Section 7433, which it enacted on November 10, 1988, *see* 102 Stat. 3748–49, would apply

---

1. In any event, we agree with the district court that *O'Connor v. United States* settled the underlying issue of Mr. Gonsalves' entitlement to a tax refund. Mr. Gonsalves concedes that *O'Connor* decided that Commission employees are not exempt from the income tax, but he insists that *O'Connor*, decided in 1986, could have only prospective effect because it is unconstitutional to enact a new tax that has retroactive application for more than "short and limited periods." *United States v. Darusmont*, 449 U.S. 292, 296–

97, 101 S.Ct. 549, 66 L.Ed.2d 513 (1981). But *O'Connor* did not in any sense "enact" a new tax, or even "repeal" a previously-existing exemption: the Court decided that the Panama Canal Treaty had *never* exempted Commission employees from paying the income tax. 479 U.S. at 30, n. 1, 107 S.Ct. at 349, n. 1. *O'Connor* itself concerned the taxable status of income earned between 1979 and 1981. *Id.* at 28, 107 S.Ct. at 348–49.

only "to actions by officers or employees after the date of ... enactment." Here, the act complained of—the levy on Mr. Gonsalves' bank account—indisputably occurred on March 3, 1988, and the district court found as fact that "there is simply no proof of any [other] reckless or intentional act by an Internal Revenue Service employee or officer after November 10, 1988."

*Affirmed.*