USCA1 Opinion

 

 February 26, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT __________________ No. 92-1723 GILBERT T. GONSALVES, Plaintiff, Appellant, v. INTERNAL REVENUE SERVICE, ET AL, Defendants, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Gene Carter, U.S. District Judge] ___________________ ___________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ___________________ Gilbert T. Gonsalves on brief pro se. ____________________ James A. Bruton, Acting Assistant Attorney General, Gary R. ________________ _______ Allen, Richard Farber, Curtis C. Pett, Attorneys Tax Division, _____ _______________ _______________ Department of Justice, and Richard S. Cohen, United States _________________ Attorney, on brief for appellees. __________________ __________________ Per Curiam. Between 1979 and 1985 the appellant, ___________ Gilbert Gonsalves, worked in the Panama Canal Zone for the Panama Canal Commission. He believed that the Panama Canal Treaty gave an exemption from United States income taxes to American employees of the Commission. In 1986, the United States Supreme Court decided that the treaty had not created such an exemption. O'Connor v. United States, 479 U.S. 27 ________ _____________ (1986). By the time the Supreme Court answered the underlying question, however, Mr. Gonsalves and the IRS were locked in a quarrel over the extent of Mr. Gonsalves' tax liability. The IRS had received some tax payments, but said that Mr. Gonsalves still owed money to the government; Mr. Gonsalves said that he had overpaid. The IRS made at least one assessment, for tax year 1981, and in March 1988 it collected some of the amount assessed by levying upon a bank account that belonged to Mr. Gonsalves. See generally Gonsalves v. _____________ _________ Internal Revenue Service, 975 F.2d 13, 14 (1st Cir. 1992) _________________________ (per curiam). Although the remedies were available to him, Mr. Gonsalves neither challenged the IRS' calculation of a tax deficiency by filing a petition for redetermination in the Tax Court, nor attempted to recover the taxes paid by filing a refund action in the district court. See 26 U.S.C. ___ 6213, 7422. He has, however, twice sought to recover damages -2- for transgressions that he says IRS officials committed during the course of their dealings with him. Mr. Gonsalves claims that IRS officials violated his rights in three ways: (1) by denying him an administrative appeal despite his "many verbal and written requests;" (2) by seizing the funds in his bank account without giving him proper notice of their intention to levy; and (3) by failing to respond to his inquiries and settle his differences with the agency in a "prompt and timely" manner. Mr. Gonsalves first attempted to recover damages in a suit he filed in 1991 in the United States District Court for the District of Maine. The 1991 complaint named the Internal Revenue Service as the only defendant, and asserted claims under both the United States Constitution and the "Taxpayer Bill of Rights." 26 U.S.C. 7433. The district court gave judgment to the IRS, and we affirmed. 975 F.2d at 15-17. In January 1992 Mr. Gonsalves filed the complaint before us now. Although this complaint again names the IRS as a defendant, it also names, and its true targets appear to be, the district directors of the IRS offices in Andover, Massachusetts, Augusta, Maine, and Philadelphia, Pennsylvania (who are identified only by title), and Paul Chinouard, a "problem resolution officer" at the IRS office in Portland, Maine. -3- The allegations in the 1992 complaint echo those made in the 1991 complaint. However, Mr. Gonsalves now contends that he is entitled to recover directly from the IRS officials who violated his rights, pursuant to the doctrine first described in Bivens v. Six Unknown Named Agents of Federal Bureau of ______ _______________________________________________ Narcotics, 403 U.S. 388 (1971). The district court ruled _________ that the defendants were entitled, at the very least, to "qualified immunity," and dismissed the complaint. This appeal followed. We affirm. I _ "Bivens actions lie only for violations of rights ______ secured by the Constitution." Bothke v. Fluor Engineers & ______ __________________ Constructors, Inc., 834 F.2d 804, 814 (9th Cir. 1987) ___________________ (Beezer, J., concurring). Mr. Gonsalves claims that the defendants violated the Due Process Clause of the Fifth Amendment, which says that the federal government cannot deprive a person of life, liberty, or property "without due process of law." The amended complaint did allege a deprivation of property -- the seizure of money in Mr. Gonsalves' bank account -- but the record contains no factual basis from which one could infer that this deprivation occurred without due process of law. When the government takes a person's property, due process requires that it give him notice and an opportunity to be heard "at a meaningful time and in a meaningful -4- manner." Fuentes v. Shevin, 407 U.S. 67, 80 (1972) (quoting _______ ______ Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). Generally, _________ _____ "at a meaningful time" means "notice and a hearing before ______ persons are separated from their property," Rodriguez v. _________ United States, 629 F.Supp. 333, 347 (N.D.Ill. 1986) (emphasis _____________ added), although in some circumstances -- for example, when the IRS perceives that its ability to collect taxes will be jeopardized by delay -- a post-deprivation hearing may adequately protect due process rights. See Phillips v. ___ ________ Commissioner, 283 U.S. 589, 595-97 (1931); Rodriguez v. ____________ _________ United States, 629 F.Supp. at 348. _____________ Except where the IRS makes such a "jeopardy" assessment, the Internal Revenue Code requires that it give a taxpayer notice before it takes his property, and provide the taxpayer with a choice whether to be heard before or after the deprivation. The procedure is as follows: once the IRS determines that a taxpayer owes money to the government, it must issue a notice of the deficiency, then wait 90 days before attempting to collect the taxes due. 26 U.S.C. 6213(a). If the taxpayer wants a pre-deprivation hearing, he can, during those 90 days, file a petition with the Tax Court asking it to redetermine the deficiency, and the stay against collection efforts will remain in effect while the petition is pending. Id. Or the taxpayer can forego a Tax Court ___ -5- hearing, pay the tax, and seek a refund in a post-deprivation action in the district court. 26 U.S.C. 7422. The taxpayer may receive, and may even be entitled by statute or regulation to receive, extra process, such as an administrative appeal, a notice of levy, and prompt responses to his inquiries. But, because his "due process rights are adequately protected by the statutory scheme which allows him to contest his tax liability in the Tax Court prior to paying the disputed tax or to sue for a refund in federal district court . . . ," Stonecipher v. Bray, 653 F.2d 398, 403 (9th ___________ ____ Cir. 1981) (citing Phillips v. Commissioner, 283 U.S. at ________ ____________ 595), these additional procedures are not constitutionally ________________ required. For example, once the taxpayer has either resorted to or waived a Tax Court hearing, the IRS can, as it did here, make a formal assessment and then levy upon the taxpayer's property to satisfy the deficiency. See 26 U.S.C. ___ 6203, 6331. However, before it can perform the levy, 26 U.S.C. 6331(d) requires the IRS to issue notice of its intention to levy, and to deliver the notice to the taxpayer personally, or to mail it to his last known address. In this case, the district court that tried the claims in the 1991 complaint found that the IRS had mailed the notice to the wrong address. 975 F.2d at 15. The ensuing levy therefore may have violated the statute. But, the mistake did not deprive Mr. Gonsalves of an opportunity to -6- file a petition in the Tax Court (an opportunity he had already waived by the time of the levy), or to institute a refund action in the district court (an opportunity that remained available to him after the levy). It therefore did not deny him due process of law. See Baddour, Inc. v. United ___ _____________ ______ States, 802 F.2d 801, 807 (5th Cir. 1986); Zernial v. United ______ _______ ______ States, 714 F.2d 431, 435 (5th Cir. 1983); Rodriguez v. ______ _________ United States, 629 F.Supp. at 347 (wrongful levy does not in ______________ itself deny due process). For the same reason, there is no constitutional substance to Mr. Gonsalves' claims that the defendants (1) refused to provide him with an administrative appeal, and (2) ignored his inquiries and otherwise delayed the resolution of his differences with the agency. Mr. Gonsalves may have had a "right," created by the IRS' Statement of Procedural Rules, to an informal administrative appeal. See 26 C.F.R. ___ 601.106. But because the statutory mechanisms for challenging agency actions in the courts offer due process to taxpayers who face deprivations of property by the IRS, the appeals procedure is not constitutionally necessary. See ___ Rosenberg v. Commissioner, 450 F.2d 529, 533 (10th Cir. 1971) _________ ____________ (provisions in Statement of Procedural Rules "not designed to protect the constitutional rights of the taxpayer"). See ___ also United States v. Horne, 714 F.2d 206, 207 (1st Cir. ____ _____________ _____ 1983). The violation of a regulation which the Constitution -7- does not require an agency to adopt does "not raise constitutional questions." United States v. Caceres, 440 _____________ _______ U.S. 741, 752 (1979). Similarly, Mr. Gonsalves may have been entitled to responses to his inquiries and cooperation with his efforts to resolve his tax problems -- although he has not identified the statute or regulation that confers such a right. But again, notwithstanding the defendants' alleged inattention and uncooperativeness, constitutionally-adequate process remained available, in the form of a Tax Court petition or a refund action, to ensure that the government kept no more than its legal share of Mr. Gonsalves' income. The underlying property interest did not go unprotected. The defendants' alleged misbehavior, it is true, may have deprived Mr. Gonsalves of the IRS' assistance in __________ vindicating that interest. However, such assistance is itself neither a "liberty" nor a "property" interest whose deprivation is capable of redress through a Bivens action. ______ See Francis-Sobel v. University of Maine, 597 F.2d 15, 18 ___ _____________ ____________________ (1st Cir. 1979). "In order to state a legally cognizable constitutional claim, [Mr. Gonsalves needed to] allege more than the deprivation of the expectation that the agency ___________ [would] carry out its duties." Council of and for the Blind _____________________________ v. Regan, 709 F.2d 1521, 1533-34 (D.C.Cir. 1983) (en banc) _____ (emphasis in original). See also Cameron v. Internal Revenue ________ _______ ________________ -8- Service, 773 F.2d 126, 128-29 (7th Cir. 1985) (allegations _______ that IRS agents subjected taxpayer to unnecessary inconvenience and failed to explore possibilities of settlement did not describe denial of due process); American ________ Association of Commodity Traders v. Department of Treasury, ________________________________ _______________________ 598 F.2d 1233, 1236 n.2 (1st Cir. 1979) ("not clear that every loss of potential help from a bureaucrat is a loss of a constitutional interest"). II __ In his reply brief, Mr. Gonsalves cites Rutherford v. __________ United States, 702 F.2d 580 (5th Cir. 1983). Rutherford ______________ __________ suggested that a taxpayer may have, in addition to a "property" interest in his tax dollars, a substantive "liberty" interest in freedom from abuse and harassment by IRS officials. See also Bothke v. Fluor Engineers & _________ ______ ___________________ Constructors, Inc., 834 F.2d 804, 811 (9th Cir. 1987). __________________ However, the existence of such a liberty interest is, at present, more a matter of conjecture than of settled interpretation of the Due Process Clause. The Fifth Circuit has made it clear that its decision in Rutherford "did not __________ hold that the alleged conduct violated a protected 'liberty' interest." Morales v. Haynes, 890 F.2d 708, 710 (5th Cir. _______ ______ 1989). Rather, the Rutherford panel, cautioning that __________ "[i]mplication of nontextual substantive rights from the -9- general monitions of the due process clause is a matter not to be undertaken lightly," only remanded to the district court with instructions to determine whether "the due process _______ clause actually does create in taxpayers a liberty interest in freedom from abusive behavior [by IRS officials]." Rutherford, 702 F.2d at 584. And, other courts have said __________ that the infliction of emotional injury by government officials is a tort without constitutional dimensions. See, ____ e.g., Conner v. Sticher, 801 F.2d 1266, 1269 (11th Cir. ____ ______ _______ 1986); Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th _______ __________________ Cir. 1985) ("A citizen does not suffer a constitutional deprivation every time he is subjected to the petty harassment of a state agent"); Buikema v. Hayes, 562 F.Supp. _______ _____ 910, 911 (N.D.Ill. 1983); Taylor v. Nichols, 409 F.Supp. 927, ______ _______ 936 (D.Kan. 1976); Dear v. Rathje, 391 F.Supp. 1, 9 (N.D.Ill. ____ ______ 1975). See also Paul v. Davis, 424 U.S. 693, 710 (1976) _________ ____ _____ (interest in reputation neither liberty nor property guaranteed against state deprivation without due process); Gumz v. Morissette, 772 F.2d 1395, 1408 (7th Cir. 1985) ____ __________ (Easterbrook, J., concurring) (interest in freedom from gratuitous fright or shock not a liberty interest). We need not decide here whether the Due Process Clause guarantees freedom from abuse by IRS agents. Defendants to Bivens actions enjoy the same "qualified immunity" that state ______ officials have in the context of civil rights actions brought -10- under 42 U.S.C. 1983. Butz v. Economou, 438 U.S. 478, 504 ____ ________ (1978). This means that they "generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established . . . constitutional rights of which a reasonable person would have known." Harlow v. ______ Fitzgerald, 457 U.S. 800, 818 (1982). "The contours of the __________ right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). ________ _________ In the absence of any cases expressly recognizing a liberty interest in freedom from harassment by government officials, we must conclude that the right has not been "clearly established." Consequently, to the extent that the complaint even raised an issue of substantive due process, we agree with the district court that the defendants were entitled to dismissal on grounds of qualified immunity.1 ____________________ 1. The complaint in Rutherford "sketche[d] a portrait of a __________ lawless and arbitrary vendetta fueled by the power of the state, designed to harass by unwarranted intrusion into the minutia of [the plaintiffs'] financial affairs, and intended to abuse by the creation of palpably unfounded claims against their property . . . ." 702 F.2d at 584. Mr. Gonsalves, on the other hand, made no specific factual allegations of abuse, but merely stated as conclusions that the IRS had used "harassment and delays," and "threats without basis or legitimate foundation" in its dealings with him. Even a pro ___ se plaintiff must plead some specific facts in support of his __ claims of civil rights violations. Hurney v. Carver, 602 ______ ______ F.2d 993, 995 (1st Cir. 1979). We would, therefore, affirm the dismissal even if the constitutional right asserted were so "clearly established" as to preclude granting qualified immunity. -11- The judgment of the district court is affirmed. ________ -12-