46 F.3d 1133
 75 A.F.T.R.2d 95-1307
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles and Marion HEFTI, Plaintiffs-Appellants,
v.
Ted A. KNAPP, Revenue Agent, Individually, Defendant-Appellee.
 No. 92-3874.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 21, 1994.
Decided Jan. 31, 1995.[1]
 
 Before POSNER, Chief Judge, and CUMMINGS, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Charles and Marion Hefti sued Ted Knapp, an agent of the Internal Revenue Service, in his individual capacity, alleging violations of the Fourth, Fifth, and Fourteenth Amendments. The suit was brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971). The district court entered summary judgment in favor of defendant, and imposed a $500 sanction pursuant to Fed.R.Civ.P. 11. The Heftis appeal from both the summary judgment and sanction order. The allegations in the pro se complaint stem from the IRS' 1990 attempts to audit the Heftis' 1986 and 1988 income tax returns.[2]
 
 
 2
 The only possible constitutional source plaintiff might rely on would be the Due Process Clause.[3] The allegations that an IRS agent refused to fill out a questionnaire provided by taxpayers as a prerequisite for their complying with a lawful audit of their tax returns, or failed to send certain forms, are not rights for which the Constitution provides a remedy. These facts are not unlike those in Cameron v. IRS, 773 F.2d 126 (7th Cir.1985), where we held that allegations of IRS agents' acting heavy-handed, insensitive and careless, showing a lack of courtesy, accuracy and restraint, or even executing a deliberate campaign to harass the taxpayer, did not rise to the level of a constitutional violation. We found "no right alleged here for the violation of which a federal court could grant a remedy," and concluded that "[c]onduct too trivial in its impact on a normal person even to be a common law tort is unlikely to be a deprivation of constitutionally protected liberty." Cameron, 773 F.2d at 129.[4]
 
 
 3
 Moreover, identifying a valid constitutional right would be of little use to plaintiffs because they erroneously presume the existence of the right to a constitutional remedy for the claimed wrong, where Congress has already provided an exclusive remedy. See Schweiker v. Chilicky, 487 U.S. 412, 423 (1988). See also FDIC v. Meyer, 114 S.Ct. 996, 10015, 127 L.Ed.2d 308 (1994). As we held in Cameron, 773 F.2d at 129, Congress has provided an exclusive remedy for precisely the type of tax-collection related violations raised by plaintiffs, and the provision of this remedy precludes a Bivens suit. The Tax Code provides that a taxpayer may bring a civil action for damages against the United States if any officer or employee of the IRS recklessly or intentionally disregards any provision under the Code or regulations in connection with the collection of federal taxes. 26 U.S.C. Sec. 7433. This provision for such civil action "shall be the exclusive remedy for recovering damages resulting form such actions." Id.
 
 
 4
 The Supreme Court has repeatedly emphasized that the existence of an alternative, adequate remedy may preclude the need for a constitutional remedy. A Bivens claim is defeated where there exists "comprehensive procedural and substantive provisions giving meaningful remedies against the United States." Bush v. Lucas, 462 U.S. 367, 368 (1983); see also Schweiker v. Chilicky, 487 U.S. 412, 423 (1988); Chappell v. Wallace, 462 U.S. 296 (1983). This Circuit has followed that principle. See, e.g., Robbins v. Bentsen, slip op., Nos. 94-1743, 94-1744 (7th Cir. Dec. 8, 1994); Hessel v. O'Hearn, 977 F.2d 299, 304-05 (7th Cir.1992); Albright v. Oliver, 975 F.2d 343, 345 (7th Cir.1992). More specifically, the Supreme Court has consistently held that, where internal revenue collection is at issue, the availability of a meaningful post-deprivation remedy is sufficient to satisfy the Due Process Clause. McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 51 (1990); Bob Jones Univ. v. Simon, 416 U.S. 725, 746-48 (1974); Fuentes v. Shevin, 407 U.S. 67, 90-92 (1972); Phillips v. Comm'r, 283 U.S. 589, 595-97 (1931). We hold that the district court properly found that plaintiffs' sole remedy lies under the IRS Code.
 
 
 5
 We also hold that the district court did not abuse its discretion in refusing to permit plaintiffs to voluntarily dismiss the action, in view of the frivolousness of this suit, defendant's preparation of a motion for summary judgment which resolved the case on the merits, and plaintiffs' failure to amend their complaint after being given additional time to do so. See Fed.R.Civ.P. 41(a); Pace v. Southern Express Co., 409 F.2d 331, 334 (1969).
 
 
 6
 Plaintiffs also challenge the district court's decision to impose a $500 sanction under Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs' suit had no basis in fact or law; the sanction was appropriate. Defendant asked in its brief that we award $1,500 in damages because the appeal is frivolous. Both Federal Rule of Appellate Procedure 38 and this court's Circuit Rule 38 require notice and the opportunity to respond before sanctions are imposed. Previously, we have found that the notice requirement is satisfied when the appellees' brief seeks sanctions, and the opportunity to respond requirement is satisfied when appellants have the chance to file a reply brief. Colosi v. Electri-Flex Co., 965 F.2d 500 (7th Cir.1990). The December 1, 1994 amendment to Federal Rule of Appellate Procedure 38, however, requires either a separate motion, or separate notice for the court, before sanctions may be imposed. See also Advisory Committee Note to 1994 Proposed Amendments. This order shall be the required notice. The plaintiffs shall have 15 days to submit to this court any reasons why sanctions should not be imposed.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellants have filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [2]
 The complaint alleges that defendant altered government form letters; failed to identify himself as an IRS agent; failed to disclose the identification of the agency, the nature and purpose of the investigation or his authority to investigate; failed to send required revenue agent report or 30-day letter; and failed to issue a form 872
 
 
 [3]
 The Fourteenth Amendment claim has no merit, since that amendment applies only to states and those acting under the color of state authority. District of Columbia v. Carter, 409 U.S. 418, 424 (1973). The complaint contains nothing at all pointing to a Fourth Amendment claim
 
 
 [4]
 Accord National Commodity and Barter Ass'n v. Archer, 31 F.3d 1521, 1532 (10th Cir.1994); Vennes v. An Unknown Number of Unidentified Agents of the United States, 26 F.3d 1448 (8th Cir.1994), petition for cert. filed, Sept. 13, 1994; Gonsalves v. IRS, 975 F.2d 13, 15 (1st Cir.1992); McMillan v. U.S. Dept. of Treasury, 960 F.2d 187, 190 (1st Cir.1991); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991); Baddour, Inc. v. United States, 802 F.2d 801, 807 (5th Cir.1986)