53 F.3d 332
 75 A.F.T.R.2d 95-2211, 95-1 USTC P 50,318
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry THOMAS; Edward J. Thomas; and Robert D. Thomas,
Plaintiffs-Appellants,
v.
UNITED STATES of America; Internal Revenue Service, et al.,
Defendants-Appellees.
 No. 94-2358.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1995.
 
 1
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 Harry Thomas, Edward J. Thomas, and Robert D. Thomas, pro se Michigan residents, appeal a district court judgment dismissing their civil complaints seeking a tax refund pursuant to 26 U.S.C. Sec. 7422 and damages under 26 U.S.C. Sec. 7433. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Seeking monetary relief, each plaintiff sued the United States, the IRS, and multiple IRS agents, contending that they were entitled to a tax refund. Plaintiffs also alleged that the defendants violated the plaintiffs' rights under 26 U.S.C. Sec. 7433 by not providing them a hearing as set forth in an IRS publication. The cases were consolidated by the district court. The defendants moved to dismiss the case for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). Plaintiffs opposed defendants' motion to dismiss. Subsequently, the district court granted defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6).
 
 
 4
 In their timely appeal, plaintiffs argue that the district court erred by dismissing their: 1) claims for a refund; 2) allegations against the individual IRS employees; and 3) request for damages under Sec. 7433. Finally, plaintiffs contend that the district court judge was biased.
 
 
 5
 This court conducts a de novo review of a district court's judgment dismissing a case under Rules 12(b)(1) and 12(b)(6). Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir. 1990) (Rule 12(b)(1)); Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990) (Rule 12(b)(6)).
 
 
 6
 The district court properly dismissed plaintiffs' requests for refunds under Sec. 7422. To obtain a tax refund, a person must file a claim with the Secretary of the Treasury. 26 U.S.C. Sec. 7422(a). The claim must set forth the grounds for the refund. 26 C.F.R. Sec. 301.6402-2(b). When a party fails to state with specificity the grounds for the refund, the court is without jurisdiction to entertain the action. Salyersville Nat'l Bank v. United States, 613 F.2d 650, 651 (6th Cir. 1980). Plaintiffs concede that they did not raise the issue of disallowance of the deductions relative to their partnership before the Secretary. As the plaintiffs admittedly failed to specify how they were entitled to a refund, the district court properly found that it lacked jurisdiction to entertain plaintiffs' refund requests. 28 U.S.C. Sec. 7422(a); Salyersville Nat'l Bank, 613 F.2d at 651.
 
 
 7
 Plaintiffs argue that IRS Publication 5 creates a due process right to a hearing. However, an internal IRS policy or publication creates no rights. Rather any due process rights must be created by statute or regulation. See Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992) (per curiam). Although plaintiffs feel that the individual defendants violated Publication 5, as the publication has no force of law, plaintiffs fail to state a claim against the individual defendants.
 
 
 8
 Plaintiffs contend that they are entitled to damages under Sec. 7433 because Publication 5 was violated. As we previously noted, Publication 5 has no force of law and, therefore, no claim under Sec. 7433 was stated. Finally, plaintiffs assert that the district judge was biased. Examination of the stated basis for that allegation reveals that plaintiffs merely disagree with the district judge's decisions regarding applicable law. United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation