[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1130

SAMSON OMOSEFUNMI,

Plaintiff, Appellant,

v.

IMMIGRATION AND NATURALIZATION SERVICE, ET AL.,

Respondents, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Boudin, Circuit Judge.

---

Samson Omosefunmi on brief pro se.
Donald K. Stern, United States Attorney, and Rayford A. Farquhar, Assistant U.S. Attorney, on brief for appellees.

---

August 1, 2000

---

**Per Curiam**.  After a thorough review of the record and of the appellant's submissions, we affirm the judgment below, largely for the reasons set out by the district court in its memorandum dated September 17, 1999.

We only add that to the extent any of the individual defendants were not absolutely immune from suit for money damages, they clearly were protected from suit for money damages under the doctrine of qualified immunity. Omosefunmi has failed to show that his eligibility for relief from deportation pursuant to section 212(c) of the Immigration and Naturalization Act, see 8 U.S.C. § 1182(c), was "clearly established" at the time in question.  When Omosefunmi was rearrested in 1996, section 440(d) of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) was in its infancy, and nowhere in its text is there a specific indication of whether or not section 440(d) was to apply retroactively.  Over two years passed before an appellate court (this court) first ruled that section 440(d) did not apply to already pending waiver applications. See Goncalves v. Reno, 144 F.3d 110 (1st Cir. 1998), cert. denied, 526 U.S. 1004 (1999).  By the time the issue was resolved in the circuits, the BIA had remanded Omosefunmi's case and held

that he was indeed eligible for consideration of section 212(c) relief.

The claim against the INS itself is barred by the doctrine of sovereign immunity, <u>see</u> <u>Gonsalves v. I.R.S.</u>, 975 F.2d 13, 15 (1st Cir. 1992); and the claims for injunctive and declaratory relief were properly dismissed since Omosefunmi had not exhausted the normal review procedures available within the Immigration and Naturalization Service. See <u>Reiter v. Cooper</u>, 507 U.S. 258, 269 (1993).

<u>Affirmed</u>.  1st Cir. Loc. R. 27(c).