

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2005

# Robertson v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1893

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Robertson v. USA" (2005). *2005 Decisions.* Paper 533.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/533

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-1893
_____

MARY LYNNE ROBERTSON;
L. THORNE MCCARTY,

Appellants

v.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 01-cv-04942)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2004

BEFORE:  ROTH, RENDELL and FISHER, *Circuit Judges*

(Filed September 19, 2005)

_____

OPINION
_____

PER CURIAM

In June 1997, appellant L. Thorne McCarty and appellant Mary Lynne Robertson

were married in the Republic of Fiji.  Appellants subsequently filed a joint tax return for

the 1997 tax year. In August 1999, McCarty sent a letter with an affidavit and declaration to the Fijian Registrar General's Office. In the affidavit and declaration, McCarty stated that his and Robertson's marriage was null and void because the parties failed to understand the tax consequences of their marriage. On the same date, L. Thorne McCarty filed an amended federal income tax return for 1997. In the amended tax return, McCarty sought to change his and Robertson's filing status from "Married filing joint return," to "single" and "Head of household" respectively. The change in filing status resulted in tax liability that was $4,635.00 less than the tax paid by appellants in 1997. McCarty thus sought a $4,635.00 refund.[1]

In September 1999, the Registrar General of Fiji responded to McCarty's letter and explained that McCarty's marriage to Robertson was legal under Fiji law. In October 1999, the Internal Revenue Service ("IRS") disallowed McCarty's refund request. The reason given by the IRS for the disallowance was that McCarty could not change his filing status from joint to separate, head of household, or single after the due date of the return. By letter dated March 6, 2000, the IRS further explained that McCarty's refund claim was denied because he did not prove that he was not legally married when he filed a joint tax return for 1997. McCarty was not satisfied with the IRS's explanations for the denial of his refund claim.

---

[1]It appears that only McCarty filed a refund claim for the 1997 tax year.

In October 2007, McCarty and Robertson filed a complaint in the United States District Court for the District of New Jersey challenging the denial of the refund claim and the IRS's handling of the claim. The gravamen of the complaint was that the IRS violated section 3505 of the Internal Revenue Service Restructuring and Reform Act of 1998, codified as section 6402(k) of the Internal Revenue Code (I.R.C. § 6402(k)). Section 6402(k) requires the IRS to explain to a taxpayer why a refund claim is denied. The appellants claimed that the IRS violated I.R.C. § 6402(k) by failing to give a valid reason for denying McCarty's refund claim and that the violation: (1) rendered the disallowance of McCarty's refund claim null and void (Count I); (2) entitled them to a monetary award in the amount of the refund claimed (Count II); and (3) entitled them to damages under I.R.C. § 7433 for unauthorized collection activities (Count III). The appellants also claimed that the "marriage tax penalty" was unconstitutional (Count IV).

In May 2002, the IRS filed a motion to dismiss Count III. The District Court granted the motion to dismiss for failure to state a claim upon which relief can be granted. The appeal from that order was dismissed without judicial action. See C.A. No. 03-1100. In June 2003, the IRS filed a motion for summary judgment with respect to the remaining claims. McCarty and Robertson subsequently filed a motion for summary judgment with regard to Count IV. By order entered January 29, 2004, the District Court granted summary judgment in favor of the IRS, and denied McCarty and Robertson's cross-

motion for summary judgment.  McCarty and Robertson appeal only the dismissal of Count II and Count III.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review of orders granting motions to dismiss and motions for summary judgment.  Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (motion to dismiss); Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998) (summary judgment).  In reviewing an order granting a motion to dismiss, we accept all factual allegations in the complaint as true, and we draw all reasonable inferences in the light most favorable to the plaintiff. Weston, 251 F.3d at 425.  We will affirm only if no relief could be granted under any set of facts the plaintiff could prove.  Id.  A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  We review the facts in a light most favorable to the party against whom summary judgment was entered.  See Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co., 10 F.3d 144, 146 (3d Cir. 1993).

After careful review of the record and consideration of the arguments on appeal, we agree with the District Court's disposition of Count II and Count III.  The District Court correctly dismissed Count II for lack of jurisdiction because the Government has not waived its sovereign immunity to allow for damage suits for alleged violations of I.R.C. § 6402(k).  See United States v. Dalm, 494 U.S. 596, 608 (1990); United States v.

4

Testan, 424 U.S. 392, 399 (1976). In any event, even if the United States had expressly waived its sovereign immunity, and it did not, we note that Count II would nonetheless fail on the merits because the IRS complied with I.R.C. § 6402(k) by providing McCarty with an explanation as to why his refund claim was denied. The fact that McCarty and Robertson are not satisfied with the explanation does not give rise to an issue of material fact. Summary judgment was thus properly granted in favor of the IRS with respect to Count II.

The District Court correctly dismissed Count III for failure to state a claim under I.R.C. § 7433. Because the IRS was not engaged in the collection of federal taxes in the action challenged here, section 7433 did not apply. See Gonsalves v. IRS, 975 F.2d 13, 16 (1st Cir. 1992); Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994).

We have fully considered appellants' arguments on appeal and conclude that they lack merit and warrant no further discussion. For the reasons set forth above, we will affirm the judgment of the District Court.