**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GERD TOPSNIK,<br><br>  Plaintiff - Appellant,<br><br> v.<br><br> UNITED STATES OF AMERICA,<br><br>  Defendant - Appellee. | No. 12-55533<br><br> D.C. No. 2:11-cv-06958-JHN-MRW<br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Submitted February 6, 2014[**]
Pasadena, California

Before: SILVERMAN and HURWITZ, Circuit Judges, and VINSON[***], District Judge.

---

[*] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***] Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

1

Gerd Topsnik is a resident of Germany. He filed this litigation in the United States District Court for the Central District of California, seeking a refund of sums levied and assessments imposed by the Internal Revenue Service for income taxes owed for several tax years between 1992 and 2009.[1] The district court dismissed the case without prejudice for lack of venue, and Topsnik now appeals.

At issue on this appeal is the proper forum for the resolution of Topsnik's objections to the collection of his United States income taxes. Under Title 28, United States Code, Section 1346(a)(1), a claimant may bring a civil action for a tax refund against the United States either in (1) a district court, or (2) the United States Court of Federal Claims. Because Topsnik resides in Germany, and thus he

---

[1] Although Topsnik attempted to frame his case as one for damages as well as one for a tax refund, we have carefully reviewed his amended complaint and agree with the government that it is, in reality, a tax refund suit. In the amended complaint, Topsnik sought the following relief: (1) a judicial determination that the jeopardy assessments and levies were unreasonable and inappropriate; (2) that those assessments and levies be enjoined; (3) that they be expunged; (4) that he be found to be entitled to recover from the government a refund of the erroneously collected income tax and penalty amounts arising from the subject jeopardy assessments and levies; (5) that he be entitled to a 2004 and 2005 refund; and (7) costs in bringing the litigation. While he maintained in paragraph (6) of his prayer for relief that he is also "entitled to damages for unlawful 1992, 1993, 1999, 2000 and 2001 collection actions", as the government has noted, nowhere in his amended complaint does he allege that he incurred any "actual, direct economic damages" or injury that will not be compensated by a refund of the taxes and interest. He does not allege, for example, that the allegedly improper assessments and levies adversely impacted his employment and income prospects. *See, e.g., Gonsalves v. United States*, 782 F. Supp. 164, 170 n.9 (D. Me. 1992), *aff'd* 975 F.2d 13 (1st Cir. 1992) (rejecting the contention that plaintiff failed to claim an actual and direct economic injury where he alleged that improper assessments and levies left him unable to pursue his profession and deprived him of all income; concluding that "Plaintiff's general allegation of economic damages arising from his loss of employment" was enough to state a claim for damages). Thus, this case is properly viewed as a suit for a tax refund.

2

does not reside in any judicial district, he cannot pursue this civil action in district court. *See* 28 U.S.C. § 1402(a)(1) (providing that any action filed in district court against the United States "may be prosecuted only . . . in the judicial district where the plaintiff resides"); *accord Malajalian v. United States*, 504 F.2d 842, 843-45 (1st Cir. 1974) (holding in tax refund suit by nonresident alien that, under Section 1402(a)(1), Congress intended that "an alien not 'residing' in any judicial district could not sue the United States in any district court"). That leaves the Court of Federal Claims as the only court with both proper jurisdiction and venue over this action. While Topsnik maintains that the case should have been transferred to that court instead of being dismissed without prejudice, the argument fails because the venue transfer statute, *see* 28 U.S.C. § 1404(a), only applies to venue transfers to another "district or division" of the district courts of the United States, and the Court of Federal Claims is neither. *See Fisherman's Harvest, Inc. v. PBS & J*, 490 F.3d 1371, 1378 (Fed. Cir. 2007) ("[W]e hold that the Court of Federal Claims is not a 'district or division' to which a district court may transfer a case pursuant to 28 U.S.C. § 1404(a).").

We have also considered Topsnik's estoppel argument, but we find that it is totally without merit.

**AFFIRMED.**