[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-14421
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-03362-MCR-HTC


WARD FRANKLIN DEAN,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 30, 2021)

Before GRANT, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Ward Dean, a taxpayer proceeding pro se, appeals following the district court's dismissal of his complaint for damages against the Internal Revenue Service and its denial of leave to amend his complaint.  We affirm.

I.

Dean filed the present civil suit in 2019, alleging that IRS employees had negligently or recklessly disregarded various provisions of the Internal Revenue Code, in violation of 26 U.S.C. § 7433, by unlawfully seizing his Social Security benefit payments in order to pay tax debts that Dean claimed had been eliminated by operation of statute and by the IRS's release of tax liens.  In his complaint, Dean alleged that he owed "substantial" federal income tax and additions to tax for the years 1997 through 2005.  In September 2007, the IRS assessed tax liabilities for each of those years, notified him of the assessments and a statutory lien attached to all his property and rights to property, demanded payment, and warned him that it would take enforced collection action against his property if he did not pay the assessed debt within ten days.

Over the next several years, Dean made payments on his tax debt but could not pay it off.  In June 2013, therefore, the IRS served a notice of levy on the Social Security Administration, seizing Dean's "entire social security benefit."[1]

---

[1] In ruling on the government's motion to dismiss, the district court appropriately considered the June 2013 notice of levy, in addition to the facts alleged in Dean's complaint, because the notice

The notice stated that the levy would remain "in effect for benefit and retirement income if the taxpayer has a current fixed right to future payments," until the IRS released the levy. The notice of levy included an accounting of Dean's unpaid tax debt, which totaled more than $2.8 million including interest and late payment penalties. Beginning in July 2013, the Social Security Administration sent Dean's monthly Social Security benefit payment to the IRS in compliance with the levy.

In September 2017, the ten-year statutory collection period expired for the tax debt assessed by the IRS in 2007. *See* 26 U.S.C. § 6502(a). Shortly before the expiration date, the IRS issued and filed a certificate of release of federal tax lien releasing its 2007 lien on Dean's property. According to Dean, the IRS took "three legal actions" at the end of the collection period, which it "announced" in the lien release: in addition to releasing the tax liens on his property and property rights, Dean alleged that the IRS also "expunged" his tax liabilities from its records and "extinguished" its recorded tax assessments from its accounts receivable. Dean further alleged that the passage of the statutory expiration date meant that he no longer had any unpaid tax liabilities and the IRS's 2007 tax assessment was no longer collectible.

---

of levy was referred to in Dean's complaint and central to his claims, and its authenticity was undisputed. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Despite the expiration of the statutory collection period and its filing of the lien release, however, the IRS continued to receive Dean's monthly Social Security benefit payments. Dean alleged that by "maintain[ing]" the June 2013 levy after the expiration of the statutory collection period, IRS employees negligently, recklessly, or intentionally disregarded the provisions of the Internal Revenue Code and its implementing regulations and effected repeated monthly unlawful seizures of his Social Security benefit payments. He sought damages pursuant to 26 U.S.C. § 7433(a) in the amount of the Social Security payments accepted by the IRS after the statutory expiration date.

The IRS moved to dismiss Dean's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In turn, Dean moved for summary judgment. A magistrate judge issued a report and recommendation concluding that even if the facts alleged in Dean's complaint were accepted as true, Dean had not stated a claim for damages under § 7433 because the IRS's continued receipt of Dean's Social Security payments under the 2013 levy was lawful. The magistrate therefore recommended that the district court grant the IRS's motion to dismiss and deny Dean's motion for summary judgment.

Dean objected to the magistrate's report and moved for leave to amend his complaint. His proposed amended complaint reiterated his allegations that IRS employees disregarded requirements of the Internal Revenue Code when they

"maintained" the 2013 levy of his Social Security benefits after the end of the ten-year statutory collection period.  The proposed amended complaint also alleged that the IRS "created" new interest charges every month after the collection period expired—in the exact amount of his monthly Social Security payment—and posted that amount due on his tax account just before accepting the payment from the Social Security Administration.  Dean alleged that IRS employees unlawfully charged and collected interest on tax debt that had been "written-off" when the ten-year collection period ended, and did so without providing the notice and demand for payment required by statute.

Dean later filed a second motion for leave to amend his complaint.  His second proposed amended complaint restated the § 7433 claim from his first proposed amended complaint and added a claim for refund of overpayment of tax pursuant to 26 U.S.C. § 7422, also based on the seizure of his Social Security benefit payments.

The district court overruled Dean's objections to the magistrate's report and recommendation, granted the IRS's motion to dismiss, and denied Dean's motion for summary judgment.  The district court also found that Dean's proposed amended complaints would still be subject to dismissal and therefore denied his motions to amend his complaint as futile.  Dean now appeals.

II.

We review the district court's ruling on a motion to dismiss for failure to state a claim de novo, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff. *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1286 (11th Cir. 2021); *Henderson v. McMurray*, 987 F.3d 997, 1003 (11th Cir. 2021). "We review the district court's refusal to grant leave to amend for abuse of discretion, although we exercise *de novo* review as to the underlying legal conclusion that an amendment to the complaint would be futile." *SFM Holdings, Ltd. v. Banc of America Securities, LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010) (citation omitted).

III.

A.

To avoid dismissal under Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

Section 7433 of the Internal Revenue Code authorizes a civil action for damages against the United States if an IRS employee acts unlawfully in the collection of federal tax. 26 U.S.C. § 7433(a). Relevant to Dean's § 7433 claim, the Internal Revenue Code provides that if an individual fails to pay tax for which he is liable within ten days after the government's notice and demand for payment, the IRS may collect the tax by levy on the individual's nonexempt property or rights to property. 26 U.S.C. § 6331(a). The IRS's service of a notice of levy is equivalent to a seizure of property; the levy gives the United States immediate full legal right to the property and reduces it to the government's constructive possession. *Phelps v. United States*, 421 U.S. 330, 334, 336–37 (1975).

Once the government has made an assessment of tax debt, it generally must collect such debt by levy or court proceeding within ten years after the assessment. 26 U.S.C. § 6502(a)(1). A levy made outside the statutory collections period generally must be released. 26 C.F.R. § 301.6343-1(b)(1)(i). And a continuing levy on salary or wages must be released at the end of the ten-year collections period. *Id.* But "a levy on a fixed and determinable right to payment which right includes payments to be made after the period of limitations expires does not become unenforceable upon the expiration of the period of limitations and will not be released under this condition unless the liability is satisfied." *Id.* § 301.6343-1(b)(1)(ii).

7

The district court did not err in dismissing Dean's complaint because the factual allegations in his complaint, taken as true, did not state a claim under § 7433. Dean's complaint was based on his misapprehension of the legal effect of the expiration of the statutory collections period and the IRS's release of its liens on his property. It is true that the IRS could not have issued a notice of levy seizing his Social Security benefit after the collection statute of limitations passed in 2017. But it did not do so. Instead, the IRS seized his entire Social Security benefit—that is, his "fixed and determinable right to payment" of his Social Security benefit in monthly installments—immediately upon issuing the notice of levy in June 2013. 26 C.F.R. § 301.6343-1(b)(1)(ii); *see Phelps*, 421 U.S. at 337. Having seized his entire benefit before the expiration of the collection limitations period, the IRS was not required to relinquish it after the period expired. *See* 26 C.F.R. § 301.6343-1(b)(1)(ii). Thus, the district court did not err in disregarding Dean's mistaken legal conclusions regarding the continuing viability of the 2013 levy, or in concluding that the remaining allegations in his complaint failed to state a claim for unlawful collection action by IRS employees.

## B.

Dean also argues that the district court abused its discretion by denying his motions to amend his complaint. Again, we disagree. Under Rule 15, a plaintiff may amend his complaint with leave of the court, which should be given freely

"when justice so requires." Fed. R. Civ. P. 15(a)(2). A party who requests leave to amend ordinarily must be given at least one opportunity to do so before the complaint is dismissed. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). The district court need not allow an amendment, however, "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

In his first proposed amended complaint, Dean reiterated his claim that IRS employees unlawfully "maintained" the 2013 levy on his Social Security benefit after the expiration of the ten-year collection period. He also claimed that the same employees unlawfully "created" new tax debt and applied his Social Security benefit payments to that new debt, after having written off his $2-million-plus balance in 2017. He attached a transcript of his tax account, which showed monthly "interest" charges in the same amount as his Social Security benefit payment, so that each month when the government accepted the Social Security payment, his tax account balance returned to zero.

9

This proposed amendment would have been futile because the complaint as amended still would not have stated a claim under § 7433. As discussed above, the 2013 levy on Dean's Social Security benefit was a one-time levy by which the IRS seized Dean's "entire" Social Security benefit, including his right to future payments. The IRS's continued receipt of monthly benefit payments from the Social Security Administration did not constitute wrongful collection activity. And because § 7433 provides a cause of action only for wrongful actions taken "in connection with any *collection* of Federal tax," the IRS's bookkeeping notations attributing the Social Security payments to interest charges—even if they could be construed as improper assessments of interest—are insufficient to support Dean's § 7433 claim without any accompanying unlawful collection activity. 26 U.S.C. § 7433(a) (emphasis added); *see also Miller v. United States*, 66 F.3d 220, 223 (9th Cir. 1995) (holding that the alleged improper assessment of tax liability is not actionable under § 7433); *Shaw v. United States*, 20 F.3d 182, 184 (5th Cir. 1994) (same); *Gonsalves v. IRS*, 975 F.2d 13, 16 (1st Cir. 1992) (same).

In Dean's second proposed amended complaint, he reiterated his revised § 7433 claim and added a claim for overpayment of taxes under 26 U.S.C. § 7422. His proposed amendment adding this new claim also would have been futile.

Generally, a taxpayer seeking a refund for the overpayment of taxes, including any amount assessed or collected after the expiration of the statutory

10

collection period, may sue the government in federal district court. *See* 26 U.S.C. § 7422; *see also id.* § 6401(a). As a jurisdictional prerequisite for such claims, however, the taxpayer must first make full payment of the assessed tax. *Flora v. United States*, 362 U.S. 145, 177 (1960) (construing 28 U.S.C. § 1346(a)(1) as requiring full payment of taxes owed before bringing suit in federal court). Here, Dean alleged that the remainder of his tax debt became uncollectible after the statutory collection period expired, but he never claimed to have paid the debt in full—and the tax account transcript attached to Dean's proposed amended complaint shows payments totaling substantially less than the $2.8 million debt against which the 2013 levy of his Social Security benefit was made. Thus, Dean's proposed overpayment claim would have been subject to dismissal for lack of jurisdiction. *Id.* The district court therefore correctly determined that the proposed amendment was futile, and the denial of Dean's second motion to amend was not an abuse of discretion. *See Cockrell*, 510 F.3d at 1310.

## IV.

We conclude that the district court did not err in dismissing Dean's complaint against the IRS for failure to state a claim under 26 U.S.C. § 7433 because the factual allegations in his complaint, accepted as true, did not describe any disregard of the Internal Revenue Code by IRS employees. The district court did not abuse its discretion in denying Dean's motions to amend his complaint

because the additional factual allegations in his proposed amended complaints still did not state a claim under § 7433, and his claim for overpayment of tax would have been subject to dismissal for lack of jurisdiction.  We therefore affirm.

**AFFIRMED.**