**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARLENE R. QUINN,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 03-6318

(W.D. Oklahoma)

(D.C. No. 03-CV-192-R)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

-1-

Darlene Quinn alleges that the United States Internal Revenue Service (IRS) allowed at least two other people to use her Social Security number for tax purposes and failed to timely remedy the problem. The district court dismissed her complaint for lack of jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), and for failure to state a claim for which relief may be granted, pursuant to FED. R. CIV. P. 12(b)(6). Ms. Quinn now appeals. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Ms. Quinn first informed the IRS that her Social Security number was being used by someone other than herself in 1994. In 1996, the IRS sent a "Notice of Levy on Wages, Salary, and Other Income" to Ms. Quinn's employer, the Oklahoma City Metropolitan Library System. Ms. Quinn determined that the levy pertained to another individual who was using her Social Security number, leading her to believe that the unauthorized use of her Social Security number was continuing despite her earlier complaint. In August 2001, Ms. Quinn apparently spoke with someone at the Federal Bureau of Investigation (FBI) and was informed that the FBI database revealed that three individuals were using her Social Security number.

Ms. Quinn filed a complaint in the Western District of Oklahoma in February 2003, and an amended complaint in April 2003, alleging that the IRS

violated her rights under the "Taxpayer Bill of Rights," 26 U.S.C. § 7433, by allowing other individuals to use her Social Security number and refusing to correct the problem and seeking $2.2 million in damages for "emotional distress, slandered [sic], libel, malicious abuse, violating my civil rights, time off from work, phone calls, mileage, mis-educational [sic] opportunities, potential earnings, use of credit card and interest, levies, [and] threaten my job." Rec. doc. 1, at 3 (Complaint, filed Feb. 13, 2003). The district court dismissed the complaint, finding that 1) the complaint "does not allege any acts which would support a claim of reckless or intentional disregard of tax code provisions by Internal Revenue Service employees in the course of collecting taxes," Rec. doc. 18, at 1 (Order, filed Nov. 6, 2003), and 2) the complaint does not "identify another cognizable basis for the waiver of sovereign immunity." *Id.* at 1-2.

## II. DISCUSSION

We review the district court's grant of the government's motion to dismiss de novo. *Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004) (noting that "the standard of review is de novo whether we treat the appeal as seeking review of a Rule 12(b)(1) or 12(b)(6) dismissal").

The Taxpayer Bill of Rights, 26 U.S.C. § 7433, provides that

[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any

-3-

provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

26 U.S.C. § 7433(a). "Section 7433's waiver of sovereign immunity, like any other, must be strictly observed, and construed in favor of the sovereign." *Gonsalves v. I.R.S.*, 975 F.2d 13, 15 (1st Cir. 1992) (internal quotation marks and citations omitted).

We share Ms. Quinn's concern: As the government admits, "it appears that at least three other people have used [her] Social Security number." Aple's Br. at 5 n.4. However, it is not entirely clear how these individuals gained access to Ms. Quinn's Social Security number, nor is there any reason to believe that the IRS was necessarily at fault. Furthermore, even assuming, as Ms. Quinn argues, that the IRS's Individual Taxpayer Identification Number program was the cause of the problem, Ms. Quinn has failed to establish a violation of § 7433. The IRS has apparently responded to Ms. Quinn's complaints by correcting her tax records and referring her to other agencies, including the Social Security Administration, for further assistance. While we acknowledge that resolving this problem must have been very frustrating for Ms. Quinn, we agree with the district court that Ms. Quinn's "amended complaint does not allege any acts which would support a claim of reckless or intentional disregard of tax code provisions by Internal Revenue Service employees in the course of collecting taxes." Rec. doc.

18, at 1. As Ms. Quinn has failed to provide an alternative basis for waiver of the government's sovereign immunity, her claim must fail.

### III. CONCLUSION

Accordingly, and for substantially the same reasons as the district court, we AFFIRM the dismissal of Ms. Quinn's complaint.

Entered for the Court,


Robert H. Henry,
Circuit Judge