FILED
United States Court of Appeals
Tenth Circuit

January 23, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARLENE R. QUINN,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant-Appellee.

No. 08-6176

(D.C. No. CIV-03-192-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Darlene Quinn, appearing pro se, appeals from a district court order striking her request for post-judgment relief. We exercise jurisdiction pursuant to

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291 and affirm.

I.

On February 13, 2003, Quinn, appearing pro se, filed suit against the United States. According to her complaint, Quinn informed the Internal Revenue Service (IRS) in 1994 that her Social Security number was being used without her authorization by other persons, and that those persons "were allowed to receive tax refunds under [her] Ssn [sic]." ROA, Doc. 1 at 3. Quinn further alleged that although the IRS informed her in 1996 that the problem had been "cleared up," she subsequently discovered that "[a]s of 1999 they were still using [her] Ssn [sic]." Id.

The government moved to dismiss Quinn's complaint, arguing that it was "devoid of any allegations, that the [district court] lacked jurisdiction over the subject matter of the purported suit, and that the . . . complaint fail[ed] to state a claim upon which relief c[ould] be granted." Id., Doc. 6 at 1. Quinn, in her response to the government's motion, cited a host of federal statutes and regulations, including the Taxpayer Bill of Rights, 26 U.S.C. § 7433(a), that purportedly supported her claims.

On July 10, 2003, the district court issued an order granting the government's motion and dismissing Quinn's complaint "without prejudice to refiling." ROA, Doc. 10 at 13. In its order, the district court noted that "[o]f all the statutes cited by" Quinn, "the only one which potentially confer[red] a private

-2-

right of action, and offer[ed] a limited waiver of sovereign immunity, [wa]s the Taxpayer Bill of Rights," but that Quinn's complaint "fail[ed] to state a claim for relief under that statute." Id. Although Quinn filed an amended complaint on July 29, 2003, the district court dismissed it on November 6, 2003, on essentially the same grounds as the original complaint.

Quinn appealed the district court's order dismissing her amended complaint. On April 5, 2004, this court affirmed the district court's decision. Quinn v. United States, No. 03-6518 (Apr. 5, 2004). Although Quinn filed a petition for rehearing, that petition was denied on May 27, 2004.

In late August and early September of 2004, Quinn filed a series of pleadings with the district court entitled "Motion for Newly Discovered Evidence," "Petition for Rehearing," and "Motion for Sua Sponte Summary Judgment Now." On September 17, 2004, the district court issued an order denying Quinn's motions. The district court emphasized in doing so, as it had in its earlier orders, that Quinn "ha[d] not alleged or offered evidence of any acts which would support a claim of reckless or intentional disregard of the Tax Code by Internal Revenue Service employees in the course of collecting taxes," and thus she "ha[d] failed to state a claim under the federal Taxpayer Bill of Rights . . . ." ROA, Doc. 32 at 1. The district court further noted that Quinn "ha[d] likewise failed to establish an alternative basis for the waiver of the Government's sovereign immunity . . . ." Id.

On May 20, 2005, Quinn filed a pleading entitled "Motion for New Evidence - Evidence Withheld from the Court and Plaintiff Sua Sponte." On June 16, 2005, the district court issued an order denying Quinn's motion. The court noted in its order that the motion failed to "identify or offer any new evidence in support of [Quinn's] claims." Id., Doc. 34 at 1. The court further reiterated that Quinn "ha[d] failed to state a claim under the federal Taxpayer Bill of Rights," "ha[d] failed to establish an alternative basis for the waiver of the Government's sovereign immunity," and "ha[d] not shown that she [wa]s entitled to relief from the Court's judgment under Rule 60(b), or to a new trial under Rule 59(b), or to summary judgment under Rule 56, Fed. R. Civ. Pro." Id. at 2.

On July 8, 2008, Quinn filed with the district court a series of miscellaneous documents, including copies of correspondence that she had previously sent to the IRS and members of Congress regarding the unauthorized use of her Social Security number. On July 29, 2008, the district court issued an order stating: "Pleading No. 35 [the series of miscellaneous documents] filed in this case is stricken because this is a closed case and because the pleading is nonsensical." Id., Doc. 36 at 1. On August 12, 2008, Quinn filed a notice of appeal from the district court's order.

II.

Because Quinn is proceeding pro se, we construe her pleadings and filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Doing so, we

construe the series of miscellaneous documents that she filed with the district court as a request for post-judgment relief.  In turn, we construe the district court's striking of those documents as a denial of post-judgment relief.

After carefully reviewing the record on appeal, we conclude the district court did not abuse its discretion in so ruling.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000) (applying abuse of discretion standard to district court's denial of Rule 60(b) motion).  As the district court noted, the documents filed by Quinn are, whether viewed individually or as a group, nonsensical.  Moreover, as the district court also noted, the issues asserted by Quinn in her original and amended complaints have been fully and repeatedly addressed by the district court and this court.  Thus, we see no basis upon which Quinn could successfully obtain post-judgment relief.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge